THE STATE v. GREEN, *Appellant.*

Division Two, June 27, 1893.

1. **Practice, Criminal**: REMARKS OF COUNSEL: EXCEPTIONS. Alleged improper remarks of counsel will not be reviewed on appeal where they were not properly saved by bill of exceptions. Merely assigning such remarks as a ground for new trial neither proves they were made nor constitutes them a part of the record.

2. ———: CONFLICTING EVIDENCE: VERDICT. Where the evidence on the part of the state is sufficient to sustain a conviction, if believed by the jury, and there is evidence of a contrary effect, it is the province and duty of the jury to find the facts, and their verdict of guilty will not be disturbed, where the instructions were favorable to the defendant.

*Appeal from Newton Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*R. F. Walker*, Attorney General, for the state.

(1) The indictment is in the language and form approved in this state, and clearly charges the crime

of which defendant stands convicted. Revised Statutes
1889, sec. 3535. (2) The instructions, when read
together, correctly declare the law applicable to the
case as made by the testimony to the jury. They are
exceedingly favorable to the defendant. They pre-
sented defendant's theory to the jury, which, if believed
by it, would have resulted in his acquittal. (3) Defend-
ant made no complaint or objection to the remarks of
the prosecuting attorney which he now assigns as error
—nor were any exceptions saved thereto. Though
unwarranted, and reversible error, the exception and
complaint of defendant came too late when first raised
and suggested in his motion for new trial. The allega-
tion in the motion for new trial does not import verity,
nor is it proof of the statement it contains. *State v.
Hays*, 81 Mo. 574; *State v. Pagels*, 92 Mo. 300; *State
v. McDaniels*, 94 Mo. 301; *State v. Taylor*, 98 Mo. 240;
*State v. Bulling*, 105 Mo. 204; *State v. Welsor*, 20 S. W.
Rep. Mo. 669. Defendant will not be permitted to sit
by and permit the error, if error it be, take chances
upon the result of the trial, and, if convicted, then be
heard for the first time to complain. *State v. Welsor,
supra*. The evidence was ample upon every fact neces-
sary for the state to prove, and clearly and abundantly
shows the defendant to be guilty of the offense of which
he was convicted. The well-established rule in this
state is, that where the testimony is sufficient in the
judgment of the trial court to warrant the submission
of the question of defendant's guilt or innocence to the
jury, and they have found him guilty, such action will
not be reviewed here, unless it clearly and affirmatively
appears that this discretion and judgment have been
abused. No such presumption can be indulged in this
case. *State v. Jackson*, 106 Mo. 181; *State v. Howell*,
100 Mo. 628; *State v. Orrick*, 106 Mo. 111; *State v.
Lowe*, 93 Mo. 547; *State v. Hicks*, 92 Mo. 432; *State v.*

*Hammond*, 77 Mo. 158; *State v. Gann*, 72 Mo. 374; *State v. Musick*, 71 Mo. 401; *State v. Moxley*, 115 Mo., 644. In this case the question presented to the jury was, did defendant steal the property described in the indictment, or did he buy it, without knowledge of the theft, of Points? The jury decided from the evidence, beyond a reasonable doubt, that defendant stole the property as charged in the indictment. This, being the triers of the fact, they they had a right to do, and, no error appearing, their finding should not be disturbed.

GANTT, P. J.—At the March term, 1891, of the Stone county circuit court, Jackson Green, the defendant, and Andrew Points were jointly indicted for grand larceny of five yearling steers, the property of William Copeland. At the same term they were arraigned and entered a plea of not guilty. The cause was then continued until the September term of said court, at which term a severance was granted Andrew Points.

Upon a trial of this defendant at the September term, 1891, the jury failed to agree and were discharged, and the cause continued until the March term, 1892, at which term the defendant was again placed upon trial, and the jury again failing to agree, were discharged, whereupon the defendant filed an application for a change of venue, which was granted and the cause transferred to the Newton circuit court. At the May term, 1892, of the Newton circuit court, the defendant was tried, convicted, and his punishment assessed at two years' imprisonment in the penitentiary. After unsuccessful motions for new trial and in arrest, he appealed to this court.

The testimony offered upon the part of the state was that William Copeland was the owner of five yearling steers, one brindle and one red cow, in December,

The State v. Green.

1890; that on Sunday, December 21, they were turned upon a range near the residence of Copeland (which seems to have been his custom), and were driven off from the range and afterward all except one cow was found in the possession of the defendant, Jackson Green. The one cow taken, but not in his possession, was found to be in the possession of Mrs. Edington, then, now the wife of defendant Green. The defendant stated she had been exchanged to Mrs. Edington. The defendant claimed to have bought the five yearlings from his codefendant, Andrew Points, whom the testimony shows to have been a boy about seventeen or eighteen years of age, very ignorant, and, it is intimated by some of the witnesses, of rather feeble mind. These theories were presented to the jury, and they elected to believe the theory of the state and found the defendant guilty.

Appellant's counsel has filed no brief in the cause, but the whole record has been carefully scrutinized, and we find nothing of which defendant can justly complain. The indictment is sufficient, and the instructions exceedingly fair to the defendant. The remarks attributed to the prosecuting attorney were not objected to at the time and no exceptions were taken or saved thereto. The mere assigning of these remarks as ground for a new trial, neither proves they were made, nor constitutes them a part of the record. The evidence of defendant's witnesses, if credited by the jury, should have secured his acquittal; but there was sufficient evidence on the part of the state, if believed by the jury, to sustain his conviction. In such a case it is peculiarly the duty and province of the jury to find the facts. This they have done against the defendant under the most favorable instructions. The judgment is affirmed. All the judges of this division concur.