THE STATE v. WHALEN, *Appellant.*

Division Two, May 21, 1895.

1. **Practice, Criminal:** MOTION FOR NEW TRIAL. Allegations of fact contained in a motion for new trial do not prove themselves; complaint, in such motion, of misconduct of attorney and jurors will not be noticed on appeal where there is no evidence in the record of any misconduct on their part.

2. ———: ———: NEWLY DISCOVERED EVIDENCE. A new trial will not be granted upon the ground of newly discovered evidence, where it is not shown that such evidence has in fact been discovered and its character disclosed.

*Appeal from St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

AFFIRMED.

*L. A. McGinnis* for appellant.

*R. F. Walker,* Attorney General, *Morton Jourdan,* Assistant Attorney General, and *C. O. Bishop* for the state.

(1) The instructions fully covered the law of the case and are in all respects unobjectionable. (2) The allegation in the indictment and the facts shown upon the trial, that for more than three years after the commission of the alleged felony, the appellant was not an inhabitant of nor usually resident of this state, sufficiently complied with the requirements of the statute of limitations. R. S. 1889, sec. 4001. (3) The purported statements of Gallagher & Company, not shown to Lutz, were clearly admissible in evidence. The first ore had been exhibited to him as an inducement to

purchase stock, and was represented as a sample of the regular monthly return; and Fay and Neumann both testified that these statements were furnished to them by appellant to be shown to the stockholders as the result of the mines and the basis of dividends. The telegrams also were clearly competent for the same reason, as coming from the appellant and the party designated by him as the authority for sending. The telegram delivered to the sendee by the telegraph company is the original, and is competent when shown to have been received in the usual and ordinary way. 14 Central Law Journal, 262, *loc. cit.* 265; 25 Am. & Eng. Encyclopedia of Law, pp. 877, 878. (4) The evidence offered by appellant and rejected by the court was for the most part the rankest hearsay, and a careful examination of this voluminous and tiresome record will disclose that all competent testimony offered by the accused in his own behalf was permitted by the court to reach the jury.

BURGESS, J.—From a conviction in the criminal court of the city of St. Louis of obtaining $1,000 from one F. J. Lutz under false pretenses and judgment fixing his punishment at four years' imprisonment in the penitentiary, defendant appealed.

The indictment in substance alleged that defendant Whalen was the president and that one Erastus N. Fay (who was jointly indicted with him) was the secretary of the St. Peters, Consolidated Gold and Silver Mining Company, a corporation organized under the laws of the state of Illinois, and they falsely, feloniously and intentionally with the intent to cheat and defraud the said Lutz, represented to him, that said corporation was solvent, having a capital stock of $5,000,000 fully paid up; that its stock was at par; that it was the owner of several valuable mines of gold

and silver, that the company had declared large dividends, and various other false and fraudulent statements, and representations which are unnecessary to set forth, by which they obtained from said Lutz, the sum of $1,000 as aforesaid in consideration for twenty-five shares of stock in said corporation at $40 per share. The evidence showed that all of the statements as above set forth were false and known to be so by defendant and Fay at the time they obtained the money from Lutz.

Defendant, in his motion for a new trial, assigned a number of causes for setting aside the verdict some of which go to the weight, and insufficiency of the evidence to support it, which are wholly without merit, and will not be further noticed.

In the fifth and sixth assignments it is alleged that the court erred in admitting illegal and incompetent evidence, on the part of the state, and in excluding legal evidence offered by the defendant, but after a careful examination of the record we have been unable to find wherein any such error was committed.

The seventh and eighth assignments were that the court erred in not instructing the jury on all the issues involved, and in giving illegal instructions. The instructions given presented very fairly, every phase of the case to the jury, were well warranted by the evidence, and are apparently unobjectionable.

The remaining assignments are predicated upon alleged misconduct of the jury, of the prosecuting attorney in his closing address to the jury, and newly discovered evidence. But it does not appear from the record, that either the jury or the prosecuting attorney were guilty of any misconduct whatever, and the mere allegations in the motion that they were guilty of misconduct is no proof that they were. *State v. Foster,* 115 Mo. 448; *State v. Green,* 117 Mo. 298; *State v. Welsor,*

117 Mo. 570. As to newly discovered evidence it is not shown what it was, or that any such evidence was in fact discovered.

The indictment seems to have been drawn with great care, and is in every way sufficient. The instructions covered every phase of the case, and defendant's guilt was shown by the evidence beyond the range of a reasonable doubt. The trial was manifestly fair, and free from error.

The judgment is affirmed. All of this division concur.

