THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

JAMES F. SCANLAN, Admr.

*Opinion filed November 1, 1897.*

1. INSTRUCTIONS—*when an instruction in personal injury case is not erroneous.* An instruction given in a personal injury case that if the jury "find, from the evidence, that the plaintiff has made out his case by a preponderance of the evidence, as laid in his declaration, then the jury must find for the plaintiff," is not erroneous, as being mandatory.

2. SAME—*single instruction need not set forth the whole law of the case.* It is not necessary that the whole law of the case shall be set forth in a single instruction.

*West Chicago Street R. R. Co.* v. *Scanlan,* 68 Ill. App. 626, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

This is an action by James F. Scanlan, administrator of the estate of Ida Pearl Fisk, deceased, to recover damages for the death of his intestate, alleged to have been occasioned by the negligence of the West Chicago Street Railroad Company, in the city of Chicago. It appears that the deceased, who was but a child, while playing on Western avenue, was run over by a car of the defendant and sustained injuries resulting in her death. At the trial the jury rendered a verdict in favor of the plaintiff, assessing damages at $3500. On appeal by the street car company to the Appellate Court the judgment of the trial court was affirmed, but that court, claiming the amount of damages to be excessive, rendered judgment of affirmance on condition that the appellee, within ten days, remit $1500 thereof, otherwise the judgment would be reversed and the cause remanded, but in either event at the cost of the appellee. The *remittitur* was entered. Appellant now brings the case to this court upon further appeal.

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

MUNSON T. CASE, and CASE & HOGAN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The verdict of the jury and the judgment of affirmance in the Appellate Court have settled all controverted questions of fact, and we understand the only question raised on this appeal is as to the instructions. The only instruction asked on behalf of plaintiff was as follows:

"The court instructs the jury, that if they find, from the evidence, that the plaintiff has made out his case by a preponderance of the evidence, as laid in his declaration, then the jury must find for the plaintiff."

This instruction, it is first insisted, is erroneous because it fails to state the law as to the degree of reasonable care which was incumbent upon the parents and

next of kin for the child's safety; second, that the instruction is mandatory, in using the word "must;" and third, that it fails to inform the jury as to the measure of damages.

Whatever may be said as to the propriety of an instruction in this form, it is not subject to either of the criticisms made upon it. Presumably the plaintiff had alleged in his declaration all that was necessary as to negligence and due care to entitle him to recover, and the instruction requires him to prove the facts "as laid in the declaration," and it does, therefore, require proof of due care. The objection that it is mandatory is without force. If the plaintiff made out his case by a preponderance of the evidence it was the duty of the jury to find in his favor, and the court had a perfect right to command them to do so. The objection that it does not instruct the jury as to the measure of damages is untenable, for the reason that it is never necessary that the whole of the law applicable to a case shall be set forth in a single instruction. This instruction does not purport to give the measure of damages.

Even if this instruction had been subject to all the objections urged against it, we would not feel called upon to reverse the judgment below. The court, at the instance of the defendant, gave seven instructions, the fourth and fifth of which fully informed the jury as to the law contended for in the first objection, and the seventh states the rule by which the damages are to be assessed, thus curing the so-called defects in the plaintiff's instruction in that regard.

There is no reversible error in this record to which our attention has been called, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*