THE STATE v. RUFUS, Appellant.

Division Two, May 9, 1899.

1. **Criminal Law:** INSTRUCTIONS: BY WHOM ASKED. It is the duty of the court, in a criminal trial, to instruct the jury on all questions involved in the case, and it is immaterial whether the instructions are prepared by the counsel and given at their request, or by the court.

2. ———: APPELLATE PRACTICE: REMARKS OF PROSECUTING ATTORNEY: HOW PRESERVED IN RECORD. Merely assigning remarks of a prosecuting attorney, which are claimed to be outside of the record, as a ground for a new trial and setting them out in the motion, neither proves they were made nor makes them a part of the record.

3. ———: ———: SEVERE AND UNUSUAL VERDICT. Where, in a criminal case, the trial court approves the verdict of the jury, the Supreme Court will not interfere on the ground that it is unusual and severe, in the absence of a showing that it was manifestly the result of passion or prejudice.

*Appeal from Pemiscot Circuit Court.*—Hon. Henry C. Riley, Judge.

Affirmed.

Roberts & Sellers for appellant.

Edward C. Crow, Attorney-General, for the State.

BURGESS, J.—At the February term, 1898, of the circuit court of Pemiscot county the defendant was convicted of shooting with malice with intent to kill one Rankin Schofner, and his punishment fixed at five years' imprisonment in the penitentiary.

He appeals.

At and for several months prior to the first of June, 1898, the defendant and Rankin Schofner and his wife, occupied as their residence different parts of the same house—Schofner renting from the defendant. Defendant wanted possession of that part of the house in which Schofner was living and had been urging him for some time to move out, and go elsewhere.

A week or ten days before the shooting they had some words over some chickens which Schofner owned. On the day of the shooting defendant anticipating, as he claims, trouble with Schofner, put a pistol in his pocket and went to his mother's, who lived only a short distance away, for some milk, and upon his return with a jar of milk under his arm, he saw Schofner coming meeting him in the road having at the time both hands in his pockets, and fearing that he was going to use a knife or pistol upon him, he put down his jar of milk, drew his pistol and shot him, the ball entering the left fore arm about one and one-half inches below the elbow joint, ranging downwards and lodging in the arm, from which it was afterwards extracted. Schofner was not armed at the time of the shooting, nor was he making any

demonstration of violence towards the defendant, but when shot he went into his house within a few steps of which the shooting occurred.

1. Among the grounds assigned in the motion for a new trial filed by defendant, and which may be considered together, are, that the verdict of the jury is against the evidence; against the law as declared by the court; the giving instructions by the court of its own motion on behalf of the State; the admission of evidence on the part of the State, and the exclusion of evidence offered on behalf of defendant. With respect to these assignments it may be truthfully said that they are without merit. There was abundant evidence to authorize the verdict, which is in accordance with the law as announced by the court in its instructions to the jury. It was not only proper for the court to instruct the jury, but it was its duty to do so, and it makes no difference whether the instructions given were prepared and asked by the respective counsel, or whether prepared by the court and given of its own motion. With respect to the remaining assignment we have not been able to discover wherein error was committed in the admission or exclusion of evidence, and no particular instance of that character is suggested in the motion.

2. Another assignment is, that the court permitted the prosecuting attorney in his argument to the jury to go outside of the record, but the language complained of is not copied in the bill of exceptions. Merely assigning such remarks as a ground for a new trial, and setting them out in the motion, neither proves that they were made, nor makes them a part of the record. [State v. Levy, 126 Mo. 554; State v. Green, 117 Mo. 298; State v. Paxton, 126 Mo. 500; State v. Jackson, 126 Mo. 521.]

3. It is also claimed that the verdict in view of the evidence and instructions is unusual and severe. Of this the court and jury were the better judges. The court approved

the verdict, and having done so, this court will not interfere, in the absence of something showing that it is manifestly the result of passion or prejudice which does not appear in this case.

4.　In the motion in arrest which was filed, it is urged that the indictment is bad, but this contention is entirely without merit.　The indictment is in the usual form in such cases, and free from objection.

We find no error in the record and therefore affirm the judgment.　GANTT, P. J., and SHERWOOD, J., concur.