THE SUBURBAN RAILROAD COMPANY

*v.*

ADA BALKWILL, Admx.

*Opinion filed February 21, 1902—Rehearing denied April 10, 1902.*

1. NEGLIGENCE—*effect where persons causing injury are exercising corporate powers with assent of corporation.* If a railroad accident occurs at the time when a contracting firm is operating a railroad with the consent and under the charter and franchise of the corporation which leased the road, such contracting firm must be regarded as the agent of the corporation, and the latter is not absolved from liability upon the ground that it is a *mesne* lessee, and not the owner of the road nor in the actual possession thereof. '

2. TRIAL—*when oral evidence of contents of papers is proper.* Oral evidence as to the contents of papers and books is proper where notice is served upon the other party to produce them and it professes to be unable to do so, its counsel stating that some of them were in another State and the others not in its possession.

3. APPEALS AND ERRORS—*when objection to instruction is not ground for reversal.* That an instruction refers the jury to the declaration for a statement of the negligent acts complained of is not ground for reversal.

4. SAME—*points not raised in Appellate Court are waived.* An objection to an instruction not made or presented in the Appellate Court cannot be raised in the Supreme Court for the first time.

*Suburban Railroad Co.* v. *Balkwill*, 94 Ill. App. 454, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

CLARENCE A. KNIGHT, and WILLIAM G. ADAMS, for appellant.

JAMES C. MCSHANE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county against appellant and in

favor of appellee for negligently causing the death of appellee's intestate, Hugh Balkwill. Balkwill was riding a bicycle upon Forty-second avenue, in the city of Chicago, and came upon the railroad crossing just in front of the train by which he was killed. The railroad at that point runs along Randolph street.

The errors assigned are the denying of the defendant's motion to exclude the evidence and to instruct the jury to find the defendant not guilty; the admission of incompetent evidence for the plaintiff; the modification of one instruction and the refusal of another instruction asked by the defendant.

The gist of the first error assigned is, that there is no sufficient evidence tending to show that the defendant either owned or operated the road where the accident occurred. It is alleged in the declaration that the defendant and the firm of Naugle, Holcomb & Co. owned, possessed and operated the railroad on which the plaintiff's intestate was killed. The engineer and the fireman of the train which killed the deceased each testified that he was working for the defendant, and the newsboy on the train testified that he sold papers on the trains of the defendant. H. W. Holcomb testified that he was attorney and confidential clerk for Naugle, Holcomb & Co.; that he was a director of the defendant company at the time of the accident and secretary of the Suburban Construction Company; that he knew the railroad known as the Chicago, Harlem and Batavia railroad; that it ran along Randolph street and across Forty-second avenue; that the cars of the Chicago and Northern Pacific Railroad Company were being used on that road before the defendant took possession of it, under a lease from the receiver of the Chicago and Northern Pacific Railroad Company, in November, 1896, and operated it until December, 1896, when the firm of Naugle, Holcomb & Co. took possession of the road and operated it until August 14, 1897; that the accident occurred during the period

that Naugle, Holcomb & Co. were operating the Chicago, Harlem and Batavia railroad. Naugle, Holcomb & Co. was a co-partnership, and, as the evidence tended to prove, operated the road under the charter and license of the appellant. A contract between this firm and the Suburban Construction Company was introduced in evidence, over the objection of the defendant, showing an agreement to equip for electricity the lines leased by appellant from the receiver of the Chicago and Northern Pacific Railroad Company, and to operate them with steam, if necessary, and to do all things required by said lease. The defendant had made a construction contract with one Leeds, who assigned his contract to the construction company, which in turn assigned to Naugle, Holcomb & Co., to do the work. This last assignment and contract were approved and ratified by the defendant company. The work under this contract was done under the supervision of the defendant's engineer and paid for by the company. There was sufficient evidence tending to prove that the road on which the accident occurred was being operated by Naugle, Holcomb & Co., to whom it had been surrendered by the defendant pursuant to a contract approved and ratified by it, to go to the jury. The refusal of the court to direct a verdict for the defendant was not error.

Appellant contends that it should not be held liable for the accident, but that the Chicago and Northern Pacific Railroad Company, from whom appellant had leased the road, should be held liable, according to the rule laid down in this State that a railroad company cannot absolve itself from liability by leasing its road to others, and that the parties actually in possession and operation of the road and the original owners of the road are held liable,—citing *Pennsylvania Co.* v. *Ellett*, 132 Ill. 654, and *Chicago and Erie Railroad Co.* v. *Meech*, 163 id. 305; and that the *mesne* or intermediate lessees have never been held liable. This contention cannot avail appellant, for

if Naugle, Holcomb & Co. operated the road under the charter powers of appellant it would be liable. It has been the rule for a long time in this State that "even though the person who causes the injury is a contractor, he will be regarded as the servant or agent of the corporation for which he is doing the work if he is exercising some chartered privilege or power of such corporation, with its assent, which he could not have exercised independently of the charter of such corporation." (See *Chicago Economic Fuel Gas Co.* v. *Myers,* 168 Ill. 139, where this question is fully discussed. See, also, *North Chicago Street Railroad Co.* v. *Dudgeon,* 184 Ill. 477.) It has been expressly held that lessee and lessor are both liable. *Balsley* v. *St. Louis, Alton and Terre Haute Railroad Co.* 119 Ill. 68, and cases cited above.

A number of objections are made to the admission of evidence, going principally to the admission of oral testimony of the contents of certain papers and books not produced on the trial. Notice was served on appellant to produce these papers, but it professed to be unable to produce them, counsel stating that some were in New York and some not in its possession. The foundation having been laid, oral testimony as to their contents was proper.

The defendant asked the court to give to the jury this instruction:

12. "The court instructs you that the defendant railroad company is not responsible for any growth of weeds or willows that may have been growing on Randolph street outside of its right of way at the time and place of the accident complained of in this case."

But the court modified it by adding thereto the following: "If liable in this case, the defendant is responsible only if guilty of some one or more of the negligent acts charged in the declaration, and if, also, the deceased, at the time of the accident in question, was in the exercise of ordinary care for his own safety."

The objections to the modifications are, that the jury were referred to the declaration for a statement of the negligent acts complained of, and that the instruction as modified omits the necessary legal requirement of proof that the injury was caused by such negligent acts. As to the first objection, we have held that it is not sufficient to require a reversal. (*Laflin & Rand Powder Co.* v. *Tearney*, 131 Ill. 322.) As to the second objection, we shall not consider it, inasmuch as it appears from the briefs filed that it was not made in or presented to the Appellate Court, and it cannot be raised here for the first time, even if it were regarded, as it is not, as a serious error in the instruction.

It is next contended that there was error in refusing the following instruction:

"The court instructs you that the defendant is not required to have a bell of at least eighty pounds' weight ringing on its engines and at the same time sound a whistle. It is sufficient if the defendant did either at the time of the alleged accident."

The instruction would have told the jury that it was sufficient if appellant either rang its bell or sounded its whistle at the time of the alleged accident. In view of the testimony given by appellee's witnesses that the bell commenced to ring just after the train struck the deceased the instruction was incorrect, as the statute fixes the specified distance within which the bell must continuously ring or the whistle sound, and to ring the bell or blow the whistle just when the train was upon the crossing would be of no benefit to one about to cross the track.

We find no error in the record sufficient to justify a reversal of the judgment. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*