STATE OF MISSOURI, Respondent, v. PRICE, Appellant.

**St. Louis Court of Appeals, March 7, 1905.**

1. **PRACTICE IN CRIMINAL CASES: Opening Statement.** By section 2627 of the Revised Statutes of 1899, to state the case to the jury, in a prosecution for crime, is made the duty of the prosecuting attorney, and that duty can not be delegated to counsel who is hired or volunteers to assist in the prosecution.

2. ————: **Argument by Prosecuting Witness.** An attorney who is prosecuting witness in a criminal case should not be allowed to make an argument to the jury.

3. **VERDICT.** Where a defendant was indicted in four counts and the jury returned a verdict finding the defendant guilty generally, a further instruction given by the court which seemed to leave no authority to find the defendant guilty on one count without finding him guilty on all, was error.

Appeal from Lawrence Circuit Court.—*Hon. Henry C. Pepper,* Judge.

REVERSED.

*F. P. Sizer* for appellant.

*A. L. Hilpirt* for respondent.

STATEMENT.

Defendant was convicted in the Lawrence Circuit Court on four seperate counts on an information charging him with having made as many false and corrupt affidavits. The first count charges, in substance, that defendant, on September 30, 1902, appeared before N. Logan, a justice of the peace within and for said Lawrence county, and then and there contriving and intending, maliciously and unjustly to cause one William B. Skinner to be arrested and prosecuted on a charge of felony, to-wit: "attempting to bribe a juror in the case of the State of Missouri, plaintiff, against said Henry Price, which was then and there a prosecution against said Henry Price in the circuit court of said county for libel by virtue of a warrant to be issued by said justice of the peace at the instance of him, the said Henry Price, did then and there unlawfully, willfully, corruptly and falsely before the said N. Logan, the said justice of the peace, under oath and affirmation, voluntarily make a certain false affidavit, statement and complaint for the purpose of causing and procuring a warrant to be issued by the said justice for the arrest of said William B. Skinner on the said charge of felony as aforesaid, and that the said Henry Price, in the said affidavit, statement and complaint so made by him, as aforesaid, did willfully, knowingly, corruptly and falsely say, depose and swear among other things, in substance and to the effect following: That is to say, that on the ———— day of July, 1902, the said William B. Skinner, meaning the said William B. Skinner above mentioned, at the county of Lawrence, in the State of Missouri, did then and there willfully and unlawfully attempt to influence or bribe a juror with Ed Goodman, in the case of the State of

Missouri against Henry Price, to obtain a verdict against said Henry Price, before the jury had gone to the jury room, against the peace and dignity of the State."

The second count is a copy of the first, except the name of Ed Goodman is used in the place of William B. Skinner. The third count is also a copy of the first, except the name of Ben Nance is used in the place of Skinner, and the fourth count is likewise a copy of the first except the name of I. V. McPherson is used in the place of Skinner; so it appears from the information that defendant by his affidavits separately charged Skinner, Goodman, Nance and McPherson with attempting to bribe a jury impaneled and sworn to try a criminal case wherein he was defendant.

The regular prosecuting attorney of Lawrence county for some reason (not stated in the record) was disqualified to prosecute the case and the court by proper order appointed A. L. Hilpirt, an attorney at law, special prosecuting attorney to prosecute the case. Defendant entered a plea of not guilty and a jury of twelve men was impaneled and sworn to try the issues, whereupon I. V. McPherson arose to state the case to the jury. Defendant objected to McPherson stating the case to the jury, for the reason he was not the prosecuting attorney of the county and for the further reason that he was a witness for the State and a prosecuting witness on one of the counts of the information. The court overruled the objection and permitted McPherson to state the case to the jury, and defendant duly saved an exception. After all the evidence was in and the instructions given to the jury, I. V. McPherson again arose to make the opening argument for the State, to which defendant objected for the reason McPherson was one of the prosecuting witness and was not employed or hired by any one to assist in the prosecution. The objection was overruled and McPherson made the opening argument to the jury on the part of the State,

and defendant saved an exception. After defendant's counsel had addressed the jury in his behalf, William B. Skinner came forward to make the closing argument on behalf of the State. Defendant objected to Mr. Skinner arguing the cases for the reason he was not the prosecuting attorney, was the prosecuting witness on the first count in the information and had not been hired or employed to assist the prosecuting attorney. The objection was overruled and Mr. Skinner made the closing address to the jury on behalf of the State; defendant duly saved an exception. After the close of Mr. Skinner's address, the jury retired to consider its verdict and on the same day returned into court the following verdict:

"We, the jury, find the defendant guilty and assess his punishment at $500.    WALTER MOORE, Foreman."

The court refused to receive the verdict and gave the jury the following additional instruction:

"11:    The court further   instructs the jury that your verdict may be in one of the following forms:

"We, the jury, find the defendant not guilty as charged in the information.    —————, Foreman." or,

"We, the jury find the defendant guilty on the first count of the information and assess his punishment at ——— dollars.

"We, the jury, find the defendant guilty on the second count of the information and assess his punishment at ——— dollars.

"We, the jury, find the defendant guilty on the third count of the information and assess his punishment at ——— dollars.

"We, the jury, find the defendant guilty on the fourth count of the information and assess his punishment at ——— dollars."

The defendant excepted at the time and now here excepts to the action of the court in giving the above instruction.

BLAND, P. J. (after stating the facts).—It is permissible in this State for hired counsel to assist the prosecuting attorney in the prosecution of a criminal case, but I do not think he should be permitted to make the opening statement of the case to the jury. The statute prescribing the order for trials in criminal cases (section 2627, R. S. 1899) provides: "The jury being impaneled and sworn, the trial may proceed in the following order: First, the prosecuting attorney must state the case and offer the evidence in support of the prosecution." "Must," as used in a statute has frequently been construed not to be mandatory. Brinkley v. Brinkley, 56 N. Y. 192; Jenkins v. Putnam, 106 N. Y. 272; Ins. Co. v. Van Wagonem, 132 N. Y. 398; In re Rutledge, 162 N. Y. 31; s. c., 47 L. R. A. 721. And has frequently been construed to be imperative. Eaton v. Alger, 57 Barb. 179; Hodecker v. Hodecker, 56 N. Y. Supp. 954; Osborn v. Lidy, 37 N. E. Rep. 434; People v. Thomas, 66 N. Y. Sup. 191; Street Railway v. Scanlan, 168 Ill. 34.

In Steines v. Franklin County, 48 Mo. l. c. 178, and in State ex rel. v. King, 136 Mo. 309, 36 S. W. 681, 38 S. W. 80, it was held that the word "may," in a statute, will be interpreted "shall," where the rights of third persons are involved or public interest requires it.

It seems to me that the first clause of the statute (section 2627, supra) prescribing the course of procedure in the trial of criminal cases is imperative as the fourth clause of said section which requires the court to instruct the jury "in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict." This duty of the court has been declared to be imperative. The State v. Rufus, 149 Mo. 406, 51 S. W. 80. To state the case to the jury is made the duty of the prosecuting attorney by the statute, and it seems to me to be an imperative one but whether imperative or not, it is no more competent for him to delegate the performance of that duty

to hired counsel or counsel who may volunteer their assistance than it is to delegate to them the performance of any other of his official duties and I think the court clearly erred in not sustaining defendant's objection to McPherson stating the case to the jury. I also think that defendant's objections to McPherson making the opening argument and to Skinner making the closing argument to the jury on the part of the State should have been sustained. These lawyers were prosecuting witnesses on the first and fourth counts of the information and testified as witnesses for the State on the trial. It was highly improper and must have been seriously prejudicial to the defendant for lawyers in the attitude of McPherson and Skinner to address the jury on behalf of the State. They were afforded not only the opportunity but had the broad license to recapitulate, elaborate and emphasize their evidence in their addresses to the jury. This was certainly unfair to the defendant and for this reason reversible error.

Under instruction 11, given after the jury had returned its first verdict finding the defendant guilty generally, it was bound to find defendant not guilty on all the counts or guilty on all the counts of the information and, as it has already found the defendant guilty generally, it could not find him not guilty without stultifying itself, therefore, there was nothing left for the jury to do but to retire and assess the punishment on each count, write it in the four forms of verdict of guilty furnished by the court and return and deliver the verdict to the court. The State's attorney refers us to an instruction given by the court to the effect that the jury might acquit on any one or all of the counts in the information, as curing the error in instruction 11. The vice of instruction 11 is that it was the last and final declaration by the court of the law of the case and made at a time and under the circumstances that naturally led the jury to believe it must find the defendant not guilty as to the whole charge or guilty on each count in

the information, and the result shows that it took the instruction as its guide and implicitly obeyed it. There are a number of other errors assigned but as it is not likely they will be repeated on a retrial of the case, we deem it unnecesssary to disscuss them here.

The judgment is reversed and the cause remanded. All concur.