CHRIST KRIEGER, Defendant in Error, *vs.* THE AURORA, ELGIN AND CHICAGO RAILROAD COMPANY, Plaintiff in Error.

*Opinion filed December 22, 1909.*

1. NEGLIGENCE—*railroad company's duty is not limited to time person was seen upon crossing.* If there is evidence tending to show that defendant's car was running at an unusual and dangerous speed in approaching a highway crossing and that no whistle was sounded, it is proper to refuse an instruction which, in effect, exonerates the defendant if its servants, after seeing the plaintiff on the track, did all that could be done, in the exercise of ordinary care, to avoid colliding with his vehicle.

2. SAME—*the plaintiff must not have been guilty of any degree of negligence.* An instruction directing the jury to find for the defendant if the plaintiff was guilty of any negligence which contributed in any degree to bring about his injury is a correct statement of the law, but its refusal is not ground for reversal if the same rule is given in various other instructions given at the instance of the defendant.

3. INSTRUCTIONS—*instruction must not improperly limit exercise of due care.* An instruction must not limit the exercise of due care by the party injured, to the time when he was in danger, regardless of his conduct in putting himself in that position.

4. SAME—*instruction referring jury to declaration can be justified only when declaration states complete case.* An instruction directing a verdict for the plaintiff if the jury believe that he has proved his case, by a preponderance of the evidence, "as laid in his declaration," can only be justified where the declaration contains a complete statement of a cause of action.

5. SAME—*when giving instruction referring jury to declaration is reversible error.* If there is a controversy over the question whether the plaintiff drove upon defendant's track when he might have seen the car or heard its signals, and the only averment in the declaration relating to his exercise of care is that the injury occurred "while the said plaintiff with all due care and caution was then riding across the said railroad," it is reversible error to give an instruction directing a verdict for the plaintiff if he has proved his case "as laid in the declaration."

6. SAME—*error in instruction directing a verdict is not cured by other instructions.* Where an instruction which directs a verdict is erroneous in authorizing a recovery without proof of some essential element, the error is not cured by other instructions.

7. SAME—*when instruction does not limit exercise of care to the moment of injury.* An instruction given at the instance of defendant in a grade-crossing case which requires the exercise of due care by the plaintiff "at the time of the injury" covers the whole occurrence, and does not limit the requirement to the time the plaintiff was upon defendant's track.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. L. C. RUTH, Judge, presiding.

HOPKINS, PEFFERS & HOPKINS, for plaintiff in error.

BOTSFORD, WAYNE & BOTSFORD, and CHARLES H. FISHER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 21, 1904, three teams drawing heavy loads of stone on the St. Charles road, which runs east and west, approached from the west the crossing of the Aurora, Elgin and Chicago railroad, which runs north and south across the highway. Andrew Anderson was driving the first team, and Christ Krieger, defendant in error, was driving the second, with a space of somewhere from eight to fifteen feet between them. Pete Anderson was driving the third team. There were two tracks, and the west one was the main track, on which passenger cars were run. The first wagon passed safely over the track, but the rear end of the wagon driven by Krieger was struck by a motor car coming from the south and he was thrown from the wagon and received injuries for which he brought an action on the case in the circuit court of Kane county against plaintiff in error. He secured a verdict and judgment for $3500, and the judgment was affirmed by the Appellate Court for the Second District. The record has been brought to this court by writ of error.

The defendant asked the court to direct a verdict of not guilty, which the court refused to do, and the arguments of counsel for the respective parties are first directed to that subject. The railroad was a third rail electric road, and on the west side of the main track, and south of the highway, there was a power house and sub-station of defendant. The building stood fifteen feet west of the track and sixty-three feet south of the crossing, and was thirty-six feet east and west by fifty-seven feet north and south. There was an embankment of gravel extending south from the highway between six hundred and one thousand feet, except at the power house and about twenty feet south of it. Whether one approaching on the highway could see the top of the car above this embankment was a disputed matter of fact, but the power house was an obstruction to the view, and the evidence for the plaintiff was that the embankment prevented seeing a car except for the space of twenty feet south of the power house. All three of the teamsters testified that they did not hear any whistle, and the plaintiff testified that he looked and listened before he drove on the track and did not see or hear anything; that the car was running sixty or seventy miles an hour, and that when his horses were on the track he saw the car coming and whipped his horses but did not succeed in getting out of the way. Andrew Anderson testified that plaintiff's team was ten, twelve or fourteen feet behind his team; that when he got on the track he saw the car and struck his team and then held his whip up as a signal, but the plaintiff testified that he was on the track when Anderson held up his whip and gave the signal. The evidence for the defendant was, that the whistle was regularly blown; that there was a danger whistle when the first team was on the track and another as plaintiff was coming on the track; that every effort was made to stop the car, and that a person in the highway eighteen feet from the track could see a car for a long distance. In deciding the motion the

court was bound to take the evidence for the plaintiff as true, and on that assumption there was no error in refusing to direct the verdict.

The defendant asked the court to instruct the jury that if the plaintiff suddenly and unexpectedly drove upon and across the track in front of the moving car of the defendant which occasioned the injury, and that the servants of the defendant did all that could be done, in the exercise of ordinary care, at and before the time of the injury, to avoid colliding with the vehicle, the jury should find the defendant not guilty, and the court refused to give the instruction. The charge in the declaration was the general careless and improper driving and managing of the motor car, and the jury would understand the instruction as limiting the efforts of the servants of the defendant to avoid injury to the period after discovering that the plaintiff's team was on the track in front of the car. The instruction directed a verdict without reference to the alleged unusual and dangerous rate of speed or to the question of giving signals, and it only assumed to state facts which would relieve the defendant of the charge of negligence in one particular. The court did not err in refusing to give it.

Another instruction tendered by the defendant and refused, directed the jury to find for the defendant if the plaintiff was guilty of any negligence which contributed in any degree to bring about his injury. To sustain the action of the court it is argued that the instruction required extraordinary care on the part of the plaintiff, and that he might be guilty of slight negligence and still recover; but all the puzzling refinements as to degrees of care have been done away with in this court, and the accepted rule is, that if one exercises the degree of care required of him under the circumstances he is guilty of no negligence, but if he fails to do so he is guilty and cannot recover. The instruction was a correct statement of law, but the same rule was given to the jury in various instructions at the

instance of the defendant. For that reason it was not error to refuse the instruction.

The court instructed the jury, at the request of the plaintiff, as follows:

"The court instructs the jury that if you believe, from a preponderance of the evidence, that the plaintiff has proved his case as laid in his declaration, then you will find the issues for the plaintiff."

This was a peremptory instruction to find for the plaintiff if the jury should find that he had proved his case as laid in the declaration, and it is objected to for the reason that the declaration limited the exercise of care on his part to the time when he was on the track, while the principal question that had been tried and was in controversy was whether he was guilty of negligence in placing himself in that position, and proof of what was averred in the declaration in that respect would not warrant a recovery. Substantially the same instruction has been before this court in many cases, and the giving of it has generally been held not ground for reversing a judgment. The general rule often declared is, that instructions must in a clear, concise and comprehensive manner inform the jury as to what material facts must be found to recover or to defeat a recovery. (*Moshier* v. *Kitchell & Arnold,* 87 Ill. 18.) The rule adopted by nearly all courts is, that the court must define the issues to the jury without referring them to the pleadings to ascertain what they are. Judge Thompson, in his work on trials, (secs. 1027, 2314, 2582,) lays down that rule, and says that it is error to leave the jury to construe and determine the effect of the pleadings, which are often drawn in technical language and which might not be correctly understood by persons unlearned in the law. The author of the chapter on instructions in the Encyclopedia of Pleading and Practice (vol. 11, p. 154,) says, that although there are some decisions which hold that it is not error to refer the jury to the pleadings in

order that they may determine what are the issues in the case and other decisions hold that though not erroneous such practice is not commendable, the clear weight of authority is to the effect that it is the province and duty of the court to state specifically to the jury what issues are raised by the pleadings, and 'that it is erroneous to refer the jury to the pleadings to ascertain for themselves what the issues are. In a number of cases in this court where the instruction was objected to it was said that it was unobjectionable, and in some of the cases that it did not make the jury the judges of the effect of the averments of the declaration but merely empowered them to determine whether the proofs sustained the issues made by the pleadings in the case. Among other cases are *Ohio and Mississippi Railway Co.* v. *Porter*, 92 Ill. 437; *Laflin & Rand Powder Co.* v. *Tearney*, 131 id. 322; *Mt. Olive Coal Co.* v. *Rademacher*, 190 id. 538; *Chicago City Railway Co.* v. *Carroll*, 206 id. 318. In other cases a criticism of the practice has been implied while the giving of the instruction has not been regarded as ground for reversal. In *Suburban Railroad Co.* v. *Balkwill*, 195 Ill. 535, it was said that referring the jury to the declaration for a statement of the negligent acts complained of was not sufficient to require a reversal. In *Baker & Reddick* v. *Summers*, 201 Ill. 52, the court said that the practice of referring the jury to the declaration for the issues was not to be commended, but it had not been considered error to make such reference where the instruction required proof of the averments of the declaration. In that case what were the material allegations of the declaration was left to the judgment of the jury, and that was held to be error, as it had been in *Toledo, St. Louis and Kansas City Railroad Co.* v. *Bailey*, 145 Ill. 159, because what are the material allegations of a declaration is a question of law. In *Fraternal Army* v. *Evans*, 215 Ill. 629, where this instruction was given, the court said: "We have held that it is not re-

versible error to so frame an instruction." In other cases the practice was distinctly disapproved, and in *Illinois Central Railroad Co.* v. *King,* 179 Ill. 91, it was said that the practice was not to be commended. In *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* v. *Kinnare,* 203 Ill. 388, the court said that the practice of referring the jury to the declaration for the issues was not a good one, but the court should state the issues to the jury in the instructions. In *Illinois·Terra Cotta Lumber Co.* v. *Hanley,* 214 Ill. 243, the judgment was reversed on account of this instruction. It was there said that it was peremptory, and informed the jury that if they found, from the evidence, that plaintiff had made out his case as laid in the declaration they should find in favor of the plaintiff, and was erroneous because there was evidence tending to show that the plaintiff assumed the risk and there was no allegation in the declaration that he did not assume it. In *Springfield Boiler Co.* v. *Parks,* 222 Ill. 355, the instruction was held not erroneous because facts were averred which showed that the plaintiff did not assume the risk which caused his injury, and in *Kirk & Co.* v. *Jajko,* 224 Ill. 338, the instruction was again held not erroneous because the declaration negatived the assumption of risk by the plaintiff. The instruction was given in *West Chicago Street Railroad Co.* v. *Scanlan,* 168 Ill. 34, and was regarded as mandatory and not subject to criticism for that reason, and the court said that if the plaintiff made out his case by a preponderance of the evidence it was the duty of the jury to find in his favor, and the court had a perfect right to command them to do so. In *Central Railway Co.* v. *Bannister,* 195 Ill. 48, and *West Chicago Street Railroad Co.* v. *Lieserowitz,* 197 id. 607, the instruction was held unobjectionable on the theory that it was the same as if the allegations of the declaration had been copied into the instruction. In those cases the court said that had the instructions copied the allegations of the declaration no objection could have

been urged to them. The theory in the cases in which the instruction has been held unobjectionable is, that it merely refers the jury to the declaration to ascertain what facts are averred and orders a verdict if such facts have been proved. Considering the instruction the same as though it copied the averments of the declaration in this case, the allegation respecting care and caution on the part of the plaintiff in each count was the same, and was in the following words: "While the said plaintiff with all due care and caution was then riding across the said railroad." The averment was limited to the time when he was riding across the railroad, and there was practically no dispute that while he was so riding across the railroad he made every effort with his heavily loaded wagon to get off before the car reached him. The controversy was over the questions whether he could have seen or heard the car or the signals which were alleged to have been given before driving on the track and whether he was guilty of negligence in placing himself in the position of danger. An instruction must not limit the exercise of care and caution of the party injured to the time when he was in danger, regardless of his conduct in putting himself in that position. (*Chicago, Milwaukee and St. Paul Railway Co.* v. *Halsey,* 133 Ill. 248; *North Chicago Street Railroad Co.* v. *Cossar,* 203 id. 608.) It will be seen from the decisions referred to that if it is proper to give the instruction at all, it can only be justified where the declaration is a complete statement of a cause of action. As the instruction directed a verdict for the plaintiff if he had proved the facts alleged in his declaration, it could not be cured by other instructions. (*Illinois Terra Cotta Lumber Co.* v. *Hanley, supra; Illinois Central Railroad Co.* v. *Smith,* 208 Ill. 608.) It is said, on the other side, that the defendant fell into the same error by requiring the exercise of care "at the time of the injury," but that language does not limit the requirement to the time while the plaintiff was on the track and it includes the

whole occurrence.   *Knox* v. *American Rolling Mill Corp.* 236 Ill. 437.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*