STATE OF MISSOURI, Respondent, v. T. H. WOODS, Appellant.

Kansas City Court of Appeals, June 12, 1911.

1. INTOXICATING LIQUORS: Two Counts: Instructions: De-fendant's Theory. On trial for the sale of intoxicating liquors in violation of the Local Option Law, the indictment being in two counts, for two separate sales, where the court instructs the jury, on each count, that if they believed the evidence showed, beyond a reasonable doubt, that defendant made the sales, they should find him guilty, it is not error, when not asked to do so, for the court to omit saying in such instructions that the jury could find him not guilty on one count and guilty on the other, or not guilty on both. Nor are such instructions subject to the criticism that they purport to submit the whole case and omit the defendant's theory.

2. ————: ————: ————: Impeachment: Paid Detective. Where the evidence showed the prosecuting witness to be a paid spy or detective for the purpose of affecting his credibility, the question of belief of his evidence is for the jury under the super-vision of the trial court, and an appellate court is not authorized to interfere.

Appeal from Boone Circuit Court.—*Hon. Samuel Davis*, Special Judge.

AFFIRMED.

*W. H. Rothwell* and *McBaine & Clark* for appel-lant.

(1) The court erred in instructing the jury that they might convict the defendant on each count and should do so if they found he made both sales charged in the indictment and in failing to instruct them that

they might acquit him on each count or either count of the indictment, where the court attempted in one instruction to define the law governing the whole case. State v. Vaughn, 200 Mo. 1; State v. Price, 111 Mo. App. 423; State v. Lientz, 184 Mo. 223; Toncrey v. Railroad, 129 Mo. App. 596; Purcell v. Railroad, 126 Mo. App. 43; State v. Heinze, 66 Mo. App. 136. (2) The court erred in submitting the case to the jury upon the evidence adduced for the reason that the same is not entitled to that weight and credit which will sustain a conviction. State v. Feldman, 129 S. W. 998; State v. Burgdorf, 53 Mo. 65; State v. Goodale, 210 Mo. 275; State v. Crabtree, 170 Mo. 642; State v. Huff, 161 Mo. 459.

*Anderson & Sapp* for respondent.

(1) The indictment in this case is sufficient in form and substance. State v. Hall, 130 Mo. App. 170; Sherwood, Criminal Law, pp. 836, 742. The court committed no error in instructing the jury that they might convict the defendant on each count and return a separate verdict of guilty, on each count, if they found he made both sales as charged in the indictment. This is undeniably the law and if defendant desired further instruction it was his duty, in fairness to the trial court, to offer same, or, at least to call the court's attention to any matter of law arising in the case upon which the court had failed to instruct. Defendant failing to speak when he would have been heard, will not now be heard when he would speak. State v. James and Johnson, 216 Mo. 394; State v. Espenschied, 212 Mo. 223; State v. Barnett and Baker, 203 Mo. 640; State v. West, 202 Mo. 128; State v. McCarver, 194 Mo. 742; State v. Bond, 191 Mo. 563. (2) There was ample evidence adduced in support of the charges, in the indictment, to warrant a verdict as found. The jury are the sole judges of the weight of the testimony and the credibility of the witnesses. A verdict

will be set aside only where there is no substantial evidence to support the same. State v. Espenschied, 212 Mo. 223; Winkle v. George B. Peck, D. G. Co., 132 Mo. App. 656; Bradford v. Railroad, 136 Mo. App. 705.

ELLISON, J.—Defendant was indicted for selling intoxicating liquors in violation of the Local Option Law. The indictment was in two counts, for two separate sales on the same day, and he was convicted on each.

The chief ground of the appeal is that the trial court did not instruct the jury, though not asked to do so by defendant, that they could find him not guilty on one count and guilty on another, or not guilty on both counts. The court did instruct on the first count that each separate sale constituted a separate offense and that if the jury believed that defendant sold the liquor to the prosecuting witness they should find him guilty and assess his punishment, etc. The court also instructed the jury, on the second count, that if they believed defendant sold the liquor and that the sale was made on the same day as the sale charged in the first count, but at a different time, they should find him guilty on the second count. To these instructions there was added, that: "The court further instructs the jury that if you believe and find from the evidence that the defendant made the sales charged in both counts of the indictment, then you should return a separate verdict on each count, finding the defendant guilty on each count and assessing his punishment on each count." A separate instruction was given on a reasonable doubt of defendant's guilt.

We do not see any sound basis for the objection to the instructions. It is truly said that where an instruction purports to cover the whole case and direct a verdict, it should not exclude the theory of the opposite party. These instructions have not that fault.

They directed a verdict for the State if the jury believed that defendant sold the liquor, and surely that was right. It would have been altogether superfluous to have added "and you will find for defendant if you believe he did not sell it." If defendant had asked an instruction to that effect, or that a verdict of guilty could be returned on one count and not guilty on another, it doubtless would have been given. [State v. Barnett, 203 Mo. 640; State v. Espenschied, 212 Mo. 215; State v. James, 216 Mo. 394.]

We do not see that the cases of State v. Vaughan, 200 Mo. 1; State v. Price, 111 Mo. App. 423, and other cases cited by defendant, have any application.

The evidence for the state came from a source that was strongly attacked by way of impeaching circumstances tending to destroy its credibility. All such matters were laid before the jury and heard by the trial court. The matter of belief is for the jury under the supervision of the court on motion for new trial. The verdict has been rendered and we have no right to interfere. The judgment will therefore be affirmed. All concur.