**Emma Thiele, Plaintiff in Error, v. John Hetzel, Defendant in Error.**

**Gen. No. 18,724.    (Not to be reported in full.)**

Error to the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed January 22, 1914.

### Statement of the Case.

Action by Emma Thiele originally commenced against John Hetzel and Chicago Railways Company to recover for personal injuries sustained by plaintiff alleged to have been caused by a collision between a street car of the defendant Railways Company and a wagon of defendant Hetzel at a street intersection where plaintiff was standing to take the car, the

collision causing the wagon to be thrown towards the curbing in the direction of plaintiff so that the horses stepped upon and the wagon passed over plaintiff. Plaintiff in consideration of two hundred dollars entered into a "peace covenant" with defendant Railways Company and the suit was dismissed as to it but retained against the defendant Hetzel as the sole defendant. From a judgment entered upon a verdict of not guilty, plaintiff brings error.

Hattie M. Balsley, who was standing by plaintiff at the time of the accident, was also injured. She prosecuted a suit against the same defendant and recovered a judgment on substantially the same evidence as in the case at bar. Judgment in that case was affirmed by the Appellate Court in *Balsley v. Hetzel*, 182 Ill. App. 136.

C. HELMER JOHNSON and DANIEL BELASCO, for plaintiff in error.

MILLER, GORHAM & WALES and W. G. SHOCKEY, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. INSTRUCTIONS, § 129*—*when instructions directing verdict upon determination of preponderance of the evidence improper.* In an action for personal injuries, an instruction given at the instance of defendant in the words: "If the evidence in this case preponderates in favor of the defendant, then your verdict should be not guilty. Or, if the evidence fails to preponderate in favor of plaintiff, the jury should find the defendant not guilty. Or, if the evidence in the case is evenly balanced, the jury should find the defendant not guilty," *held* misleading because it does not restrict the evidence referred to, to the issues essential to the maintenance of the action, and also subject to criticism because it too frequently uses words to the effect that the jury should find the defendant not guilty.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. INSTRUCTIONS, § 82*—*when instruction as to credibility of testimony of one party improper.* Where both plaintiff and defendant testify in the suit, an instruction to consider the interest of the plaintiff in giving credence to her testimony, without any reference to the interest of the defendant, *held* calculated to impress the jury that the court entertained a special reason for discrediting the testimony of plaintiff.

3. INSTRUCTIONS, § 59*—*when instruction as to relative rights of defendant and third party misleading.* In an action for personal injuries alleged to have resulted from the negligent driving of a wagon, an instruction given for defendant with reference to the relative rights of defendant and the street railway company as to the use of the street at the place of the accident, *held,* misleading where the street railway is not a party to the action.

4. DAMAGES, § 209*—*when instruction limiting damages to sum received by plaintiff in consideration of dismissing suit against party made codefendant prejudicial.* In an action for personal injuries where the action was originally commenced against the defendant and a street railway company, but plaintiff in consideration of two hundred dollars entered into a peace covenant as to the railway company and dismissed the action as it only, an instruction given for defendant that the jury must find for defendant in case the damages sustained were not in excess of the two hundred dollars received by plaintiff from the railway company, *held* erroneous and prejudicial.