## Catherine Gehrig, Administratrix, Appellant, v. Chicago & Alton Railroad Company, Appellee.

1. DEATH, § 73*—*when instruction on coroner's verdict as prima facie proof of death erroneous.* In an action for death, the elimination of the words "the cause and manner of" from an instruction requested by the plaintiff, to the effect that the coroner's verdict rendered on an inquest on the body of the plaintiff's intestate was prima facie proof of the matter therein stated, in so far as it related to the cause and manner of the death, *held* erroneous.

2. DEATH, § 73*—*when instruction on effect of coroner's verdict

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, sam topic and section number.

Gehrig v. Chicago & Alton R. Co., 201 Ill. App. 287.

*on inquest erroneous.* An instruction in an action for death stating that, in the absence of any evidence contradicting the findings therein, a verdict of a coroner's jury rendered on an inquest on the body of the deceased should be taken as true as regards the cause and manner of death, *held* erroneous as directing the jury as to the weight to be given such evidence, and as directing the jury's attention to evidence tending to prove matters in issue between the parties.

3. APPEAL AND ERROR, § 1241*—*when party cannot complain of instruction.* A party cannot complain of the giving of an instruction where an instruction identical therewith was given at his own request.

4. INSTRUCTIONS, § 91*—*when instruction on weight of evidence misleading.* An instruction stating that if the jury should be in doubt and be unable to say on which side the greater weight of the evidence was, the plaintiff could not recover, *held* misleading, as the jury might be in doubt where the preponderance was still believed to be on the side of the plaintiff.

5. TRIAL, § 185*—*when instruction directing verdict misleading.* An instruction directing a verdict upon the determination of the preponderance of the evidence, *held* misleading in not restricting the reference to the material issues in the case and in repetition of the words "to find for the plaintiff," or equivalent expressions.

6. NEGLIGENCE, § 213*—*when instruction on ordinary care misleading.* In an action for death, the use of the word "could" for the word "would" in an instruction as to the care required of the plaintiff's intestate, stating that if the jury believed "the accident could have been foreseen or prevented" by the deceased by the exercise of ordinary care they should find for the defendant, *held* misleading.

7. NEGLIGENCE, § 213*—*when instruction on contributory negligence misleading.* In an action for death, an instruction that the plaintiff could not recover if the deceased had done any acts which contributed to his death, *held* misleading in not stating that such act must have been one done while the deceased was not in the exercise of ordinary care.

8. RAILROADS—*when instruction on mutual rights of railroad and person approaching crossing erroneous.* An instruction that a railroad company was not required to slacken its speed on approaching a highway crossing in an unincorporated village and that it was the duty of a person approaching such highway crossing to look out for trains and keep in the clear, *held* erroneous.

9. RAILROADS, § 779*—*when instruction on care required of per-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

son *approaching crossing erroneous.* An instruction stating that a person familiar with a crossing of a public highway over a railroad is bound to use care in approaching and passing over it proportionate to the danger, if any, of so approaching and crossing it, *held* erroneous, as such care need only be proportionate to the known danger or to the danger reasonably to be expected there.

10. RAILROADS, § 779*—*when instruction on care required of person approaching crossing erroneous.* An instruction that where a crossing from its location is more than ordinarily dangerous, persons using it are bound to use more than ordinary care in crossing it, proportionate to the danger, *held* erroneous, as ordinary care is all that a person is required to use, and is such care as an ordinarily reasonable and prudent person would use under all the circumstances and conditions existing at the time or place which are, or ought to be, known to the party.

11. INSTRUCTIONS, § 20*—*when instruction on propriety of juror consenting to verdict erroneous.* An instruction that no juror should consent to a verdict which did not meet with the approval of his own judgment, *held* erroneous, as it was a suggestion or bid for a disagreement.

12. INSTRUCTIONS, § 118*—*when should not be given.* Instructions should not be given unless there is some evidence on which to base them.

13. INSTRUCTIONS, § 14*—*when repetition of expression improper.* Repetition in instructions of the expression that the jury should find for the defendant, *held* improper, as liable to give the jury the impression that the court was expressing an opinion on the merits of the case.

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed April 21, 1916.

. W. J. REARDON, for appellant.

CURRAN & DEMPSEY, for appellee; WINSTON, PAYNE, STRAWN & SHAW, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case begun by appellant,

---

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

Vol. CCI 19

Catherine Gehrig, administratrix of the estate of John Gehrig, deceased, against the Chicago & Alton Railroad Company, to recover damages for the benefit of the next of kin of John Gehrig, whose death is averred to have been caused by the negligence of the appellee. The negligence averred against appellee is general negligence in running a train and failure to give either of the required statutory signals. On a trial before a jury a verdict was returned in favor of the appellee, on which judgment was rendered.

On the night of January 18, 1914, John Gehrig's body was found with the head severed from it, upon the tracks of the Peoria & Pekin Union Railway at Wesley Crossing, a public highway crossing of said tracks in Wesley City, an unincorporated village. The trains of appellee run over said tracks. It was admitted in the record by appellee that Wesley Crossing is a public highway and that John Gehrig was killed by the Chicago and Alton train that came out of the hump yards about two or three minutes before nine o'clock that night, but it was not admitted that John Gehrig came to his death by being struck by a Chicago & Alton train as stated in the coroner's verdict. No witness saw how Gehrig came to his death. The appellant contends that he was struck by the locomotive of appellee on the crossing, while appellee contends that it was not guilty of any negligence and that Gehrig lost his life by attempting to get on the train and falling between the cars.

Since the case must be reversed for errors in giving and modifying instructions, it is unnecessary to review the evidence at this time.

The appellee introduced in evidence the verdict of the coroner's jury, the material part of which is: "that the said John Gehrig, now lying dead at Kneck's morgue in the said City of Pekin, County of Tazewell, State of Illinois, came to his death by being struck by

C. & A. train No. 97, engine No. 310, south bound, on the south part of the crossing of the public road, in Wesley City, on the night of January 18, 1914, at about 9 p. m. This accident occurred on the P. & P. U. tracks at Wesley City.''

The first instruction given at the request of appellee told the jury that the coroner's verdict was admitted for the sole purpose of establishing the death of Gehrig and not for the purpose of proving or tending to prove how he came to his death.

The appellant requested that the following instruction be given the jury: ''The court instructs you, that the coroner's verdict, admitted in evidence, is the result of a public inquiry held upon the body of John Gehrig, and such verdict is prima facie proof of the matters therein stated, in so far as it relates to the cause and manner of the death of said John Gehrig; and in the absence of any evidence contradicting such finding, then such finding should be taken as true and may be acted upon by the jury.'' The court erased the words ''the cause and manner of'' and gave it as thus modified. Section 10 of chapter 31 of the Statute (J. & A. ¶ 2400) provides: ''Every coroner, whenever and as soon as he knows or is informed that the dead body of any person is found, or lying within his county, supposed to have come to his or her death by violence, casualty or any undue means, he shall repair to the place where the dead body is, and take charge of the same and forthwith summon a jury of six good and lawful men * * * and upon view of the body to inquire into the cause and manner of death.'' Section 14 (J. & A. ¶ 2405) of the same chapter provides: ''It shall be the duty of the jurors * * * to inquire how, in what manner, and by whom or what the said dead body came to its death, and of all other facts of and concerning the same, together with all material circumstances in any wise related to or connected with said

death, and make up and sign a verdict and deliver the same to the coroner.''

The statute requiring the jury to inquire into the cause and manner of death, it was erroneous to erase from appellant's instruction the words stricken out by the court and to give the first instruction requested by appellee. *United States Life Ins. Co. v. Vocke,* 129 Ill. 557; *Foster v. Shepherd,* 258 Ill. 164. The instruction requested by appellant was erroneous in telling the jury the weight that they should give to the evidence therein mentioned, and particularly in directing the attention of the jury to evidence that tended to prove the contention of one of the parties concerning which there was a controversy. The verdict was evidence that should be considered by the jury with all the other evidence in the case.

The appellant insists that the seventh instruction given at the request of appellee is erroneous. This is an instruction frequently given and states that ''the greater weight of evidence in the case is not alone determined by the number of witnesses testifying to a particular fact or state of facts. In determining upon which side the greater weight of the evidence is, the jury should take into consideration,'' etc. The first instruction given at the request of the appellant is identical both in wording and punctuation with the instruction of which appellant complains. Counsel for appellant has no reason to complain of errors made by himself. The instruction has been held to be erroneous (*Elgin, J. & E. Ry. Co. v. Lawlor,* 229 Ill. 621; *Lyons v. Joseph T. Ryerson & Son,* 242 Ill. 409), in omitting the element of the number of witnesses testifying on either side of any fact or set of facts.

The fourteenth instruction given for appellee is misleading in telling the jury if they are in doubt and unable to say on which side the greater weight of the evidence is, then the plaintiff cannot recover. The jury might be in doubt where the preponderance is and

still believe it is on the side of plaintiff. The instruction also contains the statements "before she can recover," "she cannot recover," "should be in favor of defendant" and "plaintiff cannot recover," following certain propositions as to the weight of the evidence. The instruction directs a verdict upon the determination of the preponderance of the evidence and is misleading in not restricting the reference to the material issues in the case and in the repetition of the words "to find for the appellant," or equivalent expressions. *Thiele v. Hetzel,* 184 Ill. App. 633.

Appellee's instructions numbers 17, 19, 27 and 29 are misleading and erroneous in the use of the words "might" or "could" for the word "would" in propositions concerning due care, such as: If you believe "the accident *could* have been foreseen or prevented" by Gehrig by the exercise of ordinary care you should find for the defendant.

Appellee's instruction No. 21 told the jury that if Gehrig did any act that contributed to his death the plaintiff could not recover. If the deceased was not in the exercise of ordinary care or his negligence and want of ordinary care contributed to his death the appellant could not recover, but the instruction was clearly misleading as given. The fact that Gehrig went near the railroad contributed to his death, but he could go near the railroad and still be in the exercise of due care.

Appellee's twenty-second instruction tells the jury that the State does not require the appellee to slacken the speed of its train in approaching the crossing known as Wesley Crossing, and it is the duty of persons on the highway in approaching the crossing at that place to look out for the approach of trains and to keep in the clear. It was the duty of Gehrig to use due care in approaching and passing over the crossing, and the railway company had the right to run its trains at such speed as was consistent with the safety

of travelers crossing the highway in the exercise of due care. (*Passwaters v. Lake Erie & W. R. Co.,* 181 Ill. App. 44.) The instruction as given, in substance, tells the jury that the deceased must have stopped, looked and listened and that the railroad had the right to run the train at any speed regardless of the rights of travelers, and is erroneous. *Winn v. Cleveland, C., C. & St. L. Ry. Co.,* 239 Ill. 137.

Appellee's twenty-third instruction tells the jury that a person familiar with the crossing of a public highway over a railroad is bound to use care in approaching and passing over such crossing proportionate to the danger, if any, of so approaching and crossing it. The instruction should be proportionate to the known danger or the danger reasonably to be expected there.

Appellee's twenty-fourth instruction tells the jury that where a crossing from its location is more than ordinarily dangerous, persons using the same are bound to use more than ordinary care in crossing the same in proportion to the danger. Ordinary care is all that a person is required to use, and is such care as an ordinarily reasonable and prudent person would use under all the circumstances and conditions existing at the time and place which are, or ought to be, known to the party. *Miller v. Eversole,* 184 Ill. App. 362. Appellee's twenty-sixth instruction told the jury that no juror should consent to a verdict which does not meet with the approval of his own judgment, etc. This instruction was a suggestion or bid for a disagreement and should not have been given. *City of Evanston v. Richards,* 224 Ill. 444.

Appellee's thirty-fifth instruction tells the jury if they believe from the evidence that the deceased was killed by said train while attempting to get on it to ride, then he was a trespasser and appellant cannot recover. We do not find in the record any evidence that the deceased was trying to get on the train to ride,

and appellee has not pointed out any evidence of such fact or any evidence from which such a circumstance might reasonably be inferred. Instructions should not be given unless there is some evidence on which to base them.

The court gave twenty instructions for appellant and thirty-five for appellee, many of them repeating the same propositions of law. Those of appellant were misleading and very liable, from the repetition of the expression that "the jury should find for the defendant" to give the jury an impression that the court was expressing an opinion on the merits of the case.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*