## Fred J. Steurer, Appellee, v. Elgin & Belvidere Electric Company, Appellant.

### Gen. No. 6,857.

Instructions, § 111*—*reference to pleadings.* Where in an action for injury from collision of an automobile with an electric car, the declaration alleges only due care and diligence when crossing the track and fails to allege the exercise of care in approaching the crossing, and the contention of defendant is that plaintiff was negligent in approaching the track without seeing the car, it is error to instruct that: "If you believe from the evidence that the plaintiff, while in the exercise of ordinary care for his own safety, was injured because of the fault or negligence of the defendant company, as charged in the first or second count of the declaration filed in this cause, then you should find the defendant guilty."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Steurer v. Elgin & Belvidere Electric Co., 220 Ill. App. 546.

Appeal from the Circuit Court of Boone county; the Hon. ADAM C. CLIFFE, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 17, 1921.

JAMES M. HUFF, for appellant; JOHN FAISSLER, of counsel.

W. C. DEWOLF, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellant operates an electric railway running east and west through Garden Prairie, an unincorporated town. A public highway runs north and south through Garden Prairie, intersecting the electric railway just east of its station. As the railway approaches this crossing from the east its tracks are in a street, the nearest rail being 37 feet from the south line of the street.

On December 11, 1917, at the crossing above mentioned, there was a collision between an electric car of appellant and an automobile in which appellee was riding. At the time of the collision the electric car was going west and appellee was going north. From a point 37 feet south of appellant's tracks a person looking east could see a distance of at least 300 feet.

As a result of the collision appellee's automobile was damaged and appellee sustained personal injuries. He brought suit against appellant and a trial resulted in a judgment of $550 damages in favor of appellee against appellant, from which judgment this appeal was taken.

Upon the trial the court gave to the jury the following instruction:

"If you believe from the evidence that the plaintiff, while in the exercise of ordinary care for his own safety, was injured because of the fault or negligence of the defendant company, as charged in the first or second count of the declaration filed in this cause, then you should find the defendant guilty."

The first count of the declaration alleges no exercise of care on the part of appellee in approaching the railroad crossing. Its only allegation of care on his part is "and while the plaintiff, with all due care and diligence, was then and there riding in the said automobile across the said railroad," etc. The contention of appellant is that appellee was negligent in approaching the track without seeing the moving car and so placing himself voluntarily in a place of danger. In *Krieger v. Aurora, E. & C. R. Co.*, 242 Ill. 544, it was said: "If there is a controversy over the question whether the plaintiff drove upon defendant's track when he might have seen the car or heard the signals, and the only averment in the declaration relating to the exercise of care is that the injury occurred 'while the said plaintiff with all due care and caution was then riding across the said railroad,' it is reversible error to give an instruction directing a verdict for the plaintiff if he has proved his case 'as laid in the declaration.'" In *Bale v. Chicago Junction R. Co.*, 259 Ill. 476, it was said: "The first count of the declaration charged that the defendant propelled certain of its rolling stock upon and over the person of the deceased, 'who was then and there present upon the said public highway of Wallace street and in the exercise of reasonable care for his own safety.' The averment of reasonable care in this count was limited to the time when the deceased was in the place where he was struck by the train, while the contention of the plaintiff in error was that he was guilty of negligence in placing himself in that position when he saw or by the exercise of reasonable care could have seen the approaching train and avoided placing himself in a position of danger. The instruction did not cover the care of the deceased in going into the dangerous place, but only his care after he had gone there, and was therefore erroneous."

The instruction in question entirely ignored appel-

lant's contention that appellee was negligent in approaching the place of the collision. It directed a verdict and its giving was erroneous. Appellee claims, however, that appellant cannot take advantage of any error in this respect for the reason that its fifth given instruction contained the language: ''But before the plaintiff can recover he must prove that the defendant company was guilty of the negligence which caused the injury, as charged in the declaration or some count thereof,'' etc. The cases are not analogous, however, for the reason that the allegations of appellant's negligence were full and complete in each count and there is a line of authorities which hold that where the declaration contains a complete statement of the case the giving of an instruction like the one here in question may be justified. *Krieger v. Aurora, E. & C. R. Co., supra; Springfield Boiler & Mfg. Co. v. Parks,* 222 Ill. 355; *Kirk & Co. v. Jajko,* 224 Ill. 338.

Appellant contends that the evidence shows that appellee was guilty of contributory negligence and that appellant was not guilty of negligence. As the cause will be reversed and remanded for the giving of an erroneous instruction, it would not be proper for us to discuss these questions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*