## Caroline Kehr, Appellee, v. Snow & Palmer Company, Appellant.

1. AUTOMOBILES AND GARAGES—*failure to comply with ordinance requiring lights as negligence.* In an action to recover damages for personal injuries resulting from a collision of defendant's automobile truck with a horse-drawn vehicle in which plaintiff was riding, where the evidence showed that it was extremely dark at the time and that defendant was operating its truck without lights in violation of ordinance, the jury were justified in finding that defendant was negligent in so operating the truck and that such negligence was the proximate cause of the injury.

2. NEGLIGENCE—*driving horse-drawn vehicle without light at night as.* In the absence of statute or ordinance requiring horse-drawn vehicles to carry lights at night, whether the driver of a horse-drawn vehicle is negligent in using such vehicle upon a dark night without lights is a question of fact to be determined by the jury from the evidence under proper instructions.

3. AUTOMOBILES AND GARAGES—*instruction as to negligence in riding at night in unlighted horse-drawn vehicle.* In an action to recover for personal injuries to one riding in a horse-drawn vehicle, resulting from collision with defendant's automobile truck, a requested instruction upon the question of plaintiff's negligence in riding in an unlighted vehicle on a dark night was properly refused because it did not differentiate between the driver of such vehicle and the passenger.

4. AUTOMOBILES AND GARAGES—*failure of vehicle to carry light at night as negligence.* In an action to recover for personal injuries received by plaintiff in a collision between a horse-drawn vehicle, in which she was riding, with defendant's motor truck, a requested instruction on behalf of defendant that, "The law requires all vehicles irrespective of whether driven by motor power or horse at a time when it is so dark that approaching objects cannot be seen a reasonable distance in advance, to display by light some signal to apprise others approaching of the location of such driven vehicle if the location or approach of such vehicle cannot be otherwise discerned," was erroneous and was properly refused.

5. INSTRUCTIONS—*impropriety of reference to pleadings.* In an action to recover for personal injuries, an instruction that "it is not necessary for the plaintiff to prove by a preponderance of the evidence, the facts set out in every count of the declaration, but that the plaintiff is entitled to recover if she proves by a preponderance of the evidence the allegations contained in any one count thereof," was erroneous because referring the jury to the pleadings, especially where demurrers to some of the counts of the declaration had been sustained.

6. INSTRUCTIONS—*impropriety where issues not covered.* In an action to recover for personal injuries, where defendant contended that plaintiff was negligent, not alone at the time of the accident, but that she was negligent in placing herself in a dangerous situation by riding in a vehicle without lights, an instruction that plaintiff was required to exercise ordinary care at the time of the accident was erroneous.

7. NEGLIGENCE—*refusal of instruction on duty to prove freedom from negligence as error.* In an action to recover for personal injuries, it was erroneous to refuse an instruction that, though defendant or its servant was negligent, yet if the jury believed that plaintiff could have avoided the injury by the exercise of ordinary

care and did not exercise such care she could not recover, and that, on the question of her own care, the burden of proof was on plaintiff, where the precise point was not covered by any other instruction.

8. NEGLIGENCE—*refusal to give instruction as to care required as error.* In an action to recover for personal injuries received in a collision between a horse-drawn vehicle, in which plaintiff was riding, with a motor truck belonging to defendant, the court erred in refusing to give, as requested, an instruction that defendant was required to exercise toward plaintiff only such care as a person of ordinary prudence would exercise under the same or like circumstances, and that the same degree of care was required of plaintiff to avoid collision with defendant's truck.

Appeal from the Circuit Court of McLean county; the Hon. ED-WARD BARRY, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed April 22, 1922.

LIVINGSTON & WHITMORE, for appellant.

COSTIGAN & WOLLRAB, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is an appeal from a judgment for $2,000 and costs in favor of appellee against appellant, in a suit brought by appellee to recover for personal injuries alleged to have been sustained as the result of a collision between a motor truck of appellant and a horse-drawn vehicle in which appellee was riding.

The declaration consisted of three original counts and two additional counts. Demurrer was sustained to the second and third original counts. The first count of the declaration charges that appellant operated an automobile truck carelessly and improperly and drove the said truck into the horse-drawn vehicle in which plaintiff was riding, throwing the plaintiff out upon the ground, causing the injury. The first additional count charged the violation of an ordinance of the City of Bloomington, providing that all vehicles shall keep to the right side of the center of the street,

and that said appellant did not keep said truck on the right side of the center of said street; as a proximate result the truck struck the vehicle in which appellee was riding whereby appellee was thrown upon the ground. The second additional count charges violation of a city ordinance, providing that self-propelled vehicles shall between one hour after sunset and one hour before sunrise be equipped and carry no less than one lamp or light, showing a white light visible 100 feet in the direction in which the vehicle is proceeding and a red light in reverse direction, and that appellant drove said truck without lights at a time one hour after sunset and one hour before sunrise on November 5, 1919, and as a proximate result thereof the truck struck the vehicle in which the plaintiff was riding, causing her to be thrown out of said vehicle.

It is contended by appellant that there is no evidence showing negligence on its part. The accident occurred in the City of Bloomington more than one hour after sunset. Appellee introduced in evidence an ordinance of the City of Bloomington containing the provision as to lights set forth in the second count of the declaration. The truck in question was equipped with lights which had given out a short time before the accident. Having no means at hand of replenishing the gas tank from which lights of the truck were supplied, appellant's servants in charge of the truck were obliged to either run the truck to the side of the road and leave it there or run without lights. They chose to take a chance on doing the latter and in so doing were guilty of a violation of the ordinance.

In *Grabill v. Block*, 218 Ill. App. 659, it was said: "It is a rule of law in this State too well settled to require the citation of authorities that the omission of a duty imposed by positive law, or the violation of a city ordinance, is negligence *per se*, and that it becomes actionable when it is the proximate cause of an injury

or contributes to the injury of which complaint is made.''

In the present case the evidence shows that it was extremely dark at the time of the accident and that, by reason of the darkness, neither the occupants of the truck nor of the vehicle in which appellee was riding were aware of the presence of the other vehicle until after the occurrence of the accident. From these facts we are of the opinion that the jury were justified in finding that appellant was negligent as charged in the second additional count of the declaration and that such negligence was the proximate cause of the accident.

There were no lights upon the horse-drawn vehicle and the accident happened in the outlying portion of the city beyond the lighted portion. Appellee testified: ''It was dark when we started out. You couldn't see the horse in front of you. That was the way it was when we started out going home and when I got in the wagon. We had no lights on the wagon. I knew that at the time  *  *  *  we couldn't see anything ahead of us.  *  *  *  You couldn't see the hard road, it was so dark.''

The truck was a large truck and was loaded with 4½ tons of hay. It was so dark that neither appellee nor the driver of the vehicle saw this bulky object until after the accident.

It is contended by appellant that, irrespective of ordinances or statute upon that subject, it is a common-law duty for all kinds of vehicles to carry lights or signals at certain times, and that under the conditions shown by the evidence in this case one traveling in a vehicle upon a highway utilized by all kinds of vehicles could not complain if injury results to her by the negligence of other owners of vehicles traveling at the same time without signal lights, when appellee herself failed to have any such signal lights upon her vehicle, and that her conduct in this regard was con-

tributory negligence which barred her from recovery for any injury received in a collision which might have been avoided had her vehicle carried a signal light.

While there are authorities in other States which hold that one traveling in a vehicle, under such circumstances, without lights is guilty of negligence, we are not prepared to hold as a matter of law, in the absence of legislation or municipal enactment on the subject, that one traveling upon the highway upon a dark night is guilty of negligence if there are no signal lights upon the vehicle.

The legislature has recognized the changed conditions of night traffic upon the highway since the use of automobiles has become so prevalent and the danger arising from unlighted vehicles upon the highway, and at its last session enacted a law which provides that ''during the period from one hour after sunset to sunrise every motor bicycle or motor vehicle which is standing on any road, highway or street shall display a light on the front and at the rear of the same.'' Cahill's Ill. Rev. St. 1921, ch. 95a, ¶ 17.

Whether or not the driver of a horse-drawn vehicle is guilty of negligence in using such vehicle upon a dark night without lights is a question of fact to be determined by the jury from the evidence under proper instructions.

Appellant offered two instructions bearing upon the question of light, and while it had a right to have the jury instructed upon this question if proper instructions were tendered, the court did not err in their refusal. The first of these instructions does not differentiate between the driver of the vehicle and the passenger, and its first sentence is misleading. The eighth refused instruction is erroneous in stating that: ''The law requires all vehicles irrespective of whether driven by motor power or horse at a time when it is so dark that approaching objects cannot be seen a reasonable distance in advance, to display by light some sig-

nal to apprise others approaching of the location of such driven vehicle if the location or approach of such vehicle cannot be otherwise discerned.'' The refused instruction was also erroneous in invading the province of the jury in its last clause.

At the request of the plaintiff the court gave to the jury the following instruction: ''The court instructs the jury that it is not necessary for the plaintiff to prove by a preponderance of the evidence, the facts set out in every count of the declaration, but that the plaintiff is entitled to recover if she proves by a preponderance of the evidence the allegations contained in any one count thereof.''

In *Krieger v. Aurora, E. & C. R. Co.*, 242 Ill. 544, the court said: ''This was a peremptory instruction to find for the plaintiff if the jury should find that he had proven his case as laid in the declaration. * * * The rule adopted by nearly all courts is, that the court must define the issues to the jury without referring them to the pleadings to ascertain what they are. Justice Thompson, in his work on trials, * * * lays down this rule, and says that it is error to leave the jury to construe and determine the effect of pleadings, which are often drawn in technical language and which might not be clearly understood by persons unlearned in the law.''

In *Bernier v. Illinois Cent. R. Co.*, 296 Ill. 464, the court said: ''We have repeatedly held that the court should not give a peremptory instruction to find for the plaintiff if the jury should find that he had proved his case as alleged in the declaration, and further, that it is the duty of the court to define the issues to the jury without referring them to the pleadings to ascertain what they are.'' In the present case the court did not inform the jury as to what facts were alleged in the declaration and the instruction was particularly faulty, owing to the fact that a demurrer had been sustained to two counts.

In the instructions given for appellee, the time when appellee was required to be in the exercise of ordinary care was "at the time in question" which is the equivalent of "at the time of the accident." Appellant's contention was not alone that appellee was guilty of negligence "at the time of the accident" but that she was guilty of negligence in placing herself in the dangerous situation under the circumstances. This instruction was erroneous. *Steurer v. Elgin & B. Elec. Co.*, 220 Ill. App. 546.

The court refused the following instruction asked by appellant: "The jury are instructed that even though they find from the evidence that the defendant was or that its servant was guilty of negligence which contributed to the injury in question, yet if they also believe from the evidence that the plaintiff could have avoided the injuries to herself by the exercise of ordinary care on her part, and that she did not exercise such care, then she cannot recover in this case, and on this question of care for her own safety the burden of proof is upon the plaintiff." The instruction stated the law correctly and no other instruction covered the precise point contained in it.

The court refused to give the following instruction requested by appellant: "The court instructs the jury as a matter of law, that the defendant was not required to exercise toward the plaintiff the highest degree of care, but said defendant was only required to exercise toward said plaintiff ordinary care at the time and place of accident in question, and ordinary care is such care as a person of ordinary prudence would exercise under the same or like circumstances, and just the same degree of care was required by law of plaintiff to avoid coming into collision with the defendant's truck. If the jury believe from the evidence that the defendant's servants exercised at the time and place in question, ordinary care to avoid injuring the plaintiff but that nevertheless the plaintiff was injured, then they

should find the defendant not guilty.'' This instruction was a correct statement of the law applicable to the case and contains propositions contained in none of the given instructions.

For the errors indicated in the giving and refusal of instructions the judgment is reversed and the cause remanded.

*Reversed and remanded.*