# Maggie Whittenberg, Appellant, v. Fred Weber, Appellee.

1. ANIMALS—*past good behavior of dog admissible on issue of owner's notice of vicious propensity.* In an action for damages for personal injuries sustained by plaintiff from being thrown from a buggy which was overturned when the horse drawing it was frightened by defendant's dog which jumped at the horse, evidence that on other occasions the dog did not manifest any disposition or propensity to run out and annoy horse-drawn vehicles passing on the highway is admissible on the issue whether or not the owner had notice of the dog's vicious and mischievous propensities.

2. ANIMALS—*unruly disposition of horse ten months prior to accident too remote.* In an action for damages for personal injuries sustained by plaintiff through the overturning of the buggy in which she was riding, due to an attack on the horse drawing such buggy by defendant's dog, evidence that the horse was not broken to work in harness when bought by plaintiff's son ten months prior to the accident, and was then wild and unruly and disposed to run away, is inadmissible as too remote, where the evidence shows that it was broken to work in harness soon after it was purchased and that it has since been gentle and tractable, and has been driven and handled by all members of the family, including small children.

3. ANIMALS—*evidence that witness teased dog admissible to rebut testimony that dog had mischievous propensity.* In an action against the owner of a dog for damages for personal injuries alleged to have been sustained because of the dog's mischievous and vicious propensities, evidence that a witness, who had testified that the dog ran out, barked at and followed him, had teased the dog and caused it to run after and bark at him, is admissible in rebuttal of such witness' testimony tending to show the mischievous propensity of the animal, although it is not proper as tending to show what caused the mischievous disposition of the dog.

4. ANIMALS—*evidence that dog chased frightened horse after attack causing accident admissible as continuance of act.* Evidence that defendant's dog, which jumped at a horse causing it to overturn the buggy in which plaintiff was riding, resulting in the injuries complained of, chased the horse after the buggy was upset, is competent to go to the jury, since it was but a continuance of the act which caused the accident.

5. NEGLIGENCE—*when refusal to permit plaintiff to exhibit injuries to jury not error.* It was not an abuse of discretion for the

trial court to refuse to permit plaintiff, in a personal injuries action, to exhibit her injuries to the jury where the fact that she had been injured and the extent of her injuries was not controverted.

6. EVIDENCE—*exclusion of evidence of physician's charges against plaintiff's husband for services to injured wife not error.* It was not error, in a personal injuries action by the wife, to refuse to permit a physician, who had testified that he had entered on his books a charge against plaintiff's husband for his services to the wife, to prove the amount of such charges, since plaintiff could not recover any sum expended by her husband for medical services made necessary by her injuries.

7. ANIMALS—*instruction making "habit" of mischievousness an element of owner's liability for act of dog erroneous.* It was error to charge the jury that although they might believe that the dog in question, the mischievous act of which caused plaintiff's injuries, was in the "habit" of barking at passing vehicles, that fact alone would not be sufficient to condemn it as having a vicious or mischievous propensity or charge its owner with knowledge that the dog was "in the habit" of so acting, since the exhibition of such tendencies on rare occasions with the knowledge thereof by the owner is sufficient to charge him although the mischievous tendency has not become fixed.

8. ANIMALS—*instructions making "habit" of mischievousness an element of owner's liability for acts of dog erroneous as emphasizing one fact.* Instructions that the fact that a dog was in the "habit" of running after and annoying vehicles would not alone be sufficient to condemn it as vicious or mischievous or to charge the owner with knowledge thereof are erroneous for selecting one item of evidence and stating that a particular conclusion does not follow therefrom as a matter of law.

Appeal by plaintiff from the Circuit Court of Washington county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1923. Reversed and remanded. Opinion filed July 2, 1923.

H. H. HOUSE and J. A. WATTS, for appellant.

NOLEMAN, SMITH & DALLSTREAM and J. PAUL CARTER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action on the case brought by Maggie

Whittenberg, appellant, against Fred Weber, appellee, to recover damages for personal injuries resulting to appellant from being thrown out of a buggy while driving along the public highway near appellee's farm on December 11, 1921. The amended declaration contained three counts. A demurrer was sustained to the third count and appellee filed the general issue to the first and second counts and the case was tried on those counts before a jury. These counts alleged in substance that from the first day of December, 1920, until December 11, 1921, the plaintiff owned and kept a certain dog and during all that time knew that said dog possessed a vicious and mischievous propensity to run after, annoy and bark at vehicles and conveyances drawn by horses and teams while driven along the public highway; that said dog while owned and kept by appellee did, on the 11th day of December, 1921, while appellant was in the exercise of due care and caution for her own safety and was riding in a buggy drawn by one horse and being driven along the highway by one George Whittenberg, who was in the exercise of due care and caution for the safety of himself and appellant, run from the yard of appellee's dwelling house towards and to the said horse and did jump at said horse and frighten it and cause it to jump sidewise and overturn the buggy in which appellant was riding and caused the horse to run away, whereby appellant was thrown to the ground with great force and thereby sustained certain damages set forth. The jury returned a verdict in favor of appellee and there was a judgment against appellant for costs.

It is urged by appellant that the trial court erred in permitting certain witnesses introduced by appellee to testify that at certain times, when they were driving by appellee's home, the dog in question did not manifest any disposition or propensity to run out and annoy them or their teams. While there formerly

was some doubt as to the proper rule to be applied in cases involving the admissibility of such evidence, yet the question seems to have been finally determined by the rule laid down by our Supreme Court in the case of *Domm v. Hollenbeck*, 259 Ill. 382, that the defendant in such case had the right to prove, on the question of whether he had notice of the dog's disposition or propensity to run out and annoy passers-by, the previous uniform good behavior of the dog in that respect, and his peaceable and quiet disposition, and that it was not error to admit the evidence of the kind appellant here complains of.

The evidence shows that the horse which appellant was driving at the time in question was five or six years old and belonged to her son, and that he had bought the animal about ten months before the accident; also that at the time the appellant's son purchased the horse, it was not broken or trained to work in harness, but simply to ride. The court permitted witnesses on behalf of appellee to prove that prior to the time appellee's son purchased the horse and before it was broken or trained to work in harness it had shown a disposition to run away and to be rather wild and unruly. It is urged by appellant that the admission of this evidence was error. Appellant, her husband, other members of the family and other witnesses testified that since the animal had been broken to work in harness it had been gentle and been driven and handled by different members of the family, including even small children. Under this condition of the proof we are of the opinion that evidence as to the bad disposition of the horse at the time it was being broken to work, which was at least ten months before the time of the accident, was too remote and should not have been admitted by the court. There is no proof in the record of the bad disposition of the horse for the ten months prior to the accident, during which time it was in appellant's family, but, on the contrary,

the proof shows that during that time it was of a gentle disposition.

Appellant complains that the court permitted appellee and his son to testify that a certain witness for appellant, who had testified that the dog ran out, barked at and followed him for some distance on numerous occasions when passing by appellee's home, had teased the dog and caused it to so run after and bark at him. While this testimony was not proper for the purpose of showing what it was that tended to make the dog mischievous, as that was immaterial, yet in our opinion it was proper as tending to rebut the fact that the testimony of this witness tended to show the mischievous propensity of the dog in the respect charged in the declaration.

It is further urged that the court committed error in permitting appellant to show that after the buggy was upset the dog chased the horse for some distance down the road. While it is true that what happens after an accident is not usually proper proof, yet in view of the fact that this action of the dog, if true, was but a continuance of the act which it is alleged caused the accident, we are of the opinion that while it may not have been reversible error in itself to exclude this evidence, yet that it was competent evidence to go to the jury.

It is also contended that the court erred in refusing to permit appellant to exhibit her injuries to the jury. The fact that appellant was injured and the extent of her injuries were not controverted by appellee. Under such circumstances it was within the discretion of the court whether such injuries should be exhibited to the jury. (*Chicago & A. R. Co. v. Clausen*, 173 Ill. 100; *Ewald v. Michigan Cent. R. Co.*, 107 Ill. App. 294.) Under the proof in this case we cannot see that there was any abuse of that discretion by the trial court in this case. A physician who attended appellant testified that he had entered on his books a charge for his services against appellant's husband and it is con-

tended by appellant that the court erred in refusing to permit her to prove the amount of these charges. Under the law appellant could not recover any sum expended by her husband for the services of a physician made necessary by her injuries. (*Franz v. St. Louis, S. & P. R. R.,* 219 Ill. App. 588.) It was not therefore error to exclude this testimony as it was offered.

The second instruction given the jury in behalf of appellee was to the effect that although the jury might believe that the dog in question was in the "habit" of barking at vehicles, etc., yet that fact alone would not be sufficient to condemn it as having a vicious or mischievous propensity or to charge appellee with the knowledge that his dog was "in the habit" of running after and annoying and barking at vehicles, etc. The first and third instructions given for appellee also contained this element of "habit" upon the part of the dog. These instructions were clearly erroneous. It was not necessary that the mischievous propensity of the dog as charged in the declaration should have become fixed, or as stated in these instructions, become a "habit," but it was sufficient that the exhibition of such propensities occurred only on rare occasions, and that appellee had knowledge of such propensities. (*Flansburg v. Basin,* 3 Ill. App. 531.)

It is complained of these and other instructions that they select one item of evidence or fact and state that a certain conclusion does not follow therefrom as a matter of law, instruction No. 2 being especially attacked in this respect. In our opinion such complaint is well grounded. An instruction which selects one item of evidence or one fact disclosed by the evidence and which states that a certain conclusion does not follow from such fact as a matter of law is calculated, as has been held by the Supreme Court of this State, to mislead and confuse the jury. (*Drainage Com'rs Dist. No. 3 v. Illinois Cent. R. Co.,* 158 Ill. 353; *West*

*Chicago St. Ry. Co. v. Petters,* 196 Ill. 298.)

For the errors above mentioned the judgment in this case will be reversed and the cause remanded.

*Reversed and remanded.*