**Kenneth Cassens, by Dietrich Cassens, His Father and Next Friend, Appellee, v. Gustavus LeSeur Tillberg, Appellant.**

Opinion filed March 9, 1938.

WHEELER, OEHMKE & DUNHAM, of East St. Louis, for appellant.

BURROUGHS, SIMPSON & REED, of Edwardsville, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Plaintiff, a minor 11 years of age, by next friend, brought suit against defendant to recover damages for injuries claimed to have been sustained by him while riding in an automobile with his adult brother, through colliding with a car driven by defendant. The cause

was tried before a jury who found for the defendant. The trial court awarded plaintiff a new trial, and defendant has appealed from such order of allowance.

The motion for a new trial was based upon three grounds; 1st, that the court erroneously gave to the jury instructions at the instance of defendant; 2nd, that the verdict was against the manifest weight of the evidence; and 3rd, that plaintiff was wrongfully denied permission to ask the jurors, upon their *voir dire* examination, whether they were interested or connected with the Travelers Insurance Company.

At the instance of defendant, the court charged the jury, in instructions numbered 3 and 4, that the degree of care and caution required of plaintiff for his own safety at the time of the accident, was such care and caution as a person of his age, capacity and discretion to know and avoid injury, would ordinarily exercise under the same or similar circumstances.

It is said by plaintiff that these instructions were erroneous as not requiring, in addition to the elements of age, capacity and discretion to know and avoid injury, the further and necessary component "experience."

The courts have uniformly held that such an instruction, as applied to a child under the age of 14 years, which omits the element of "experience" is erroneous; *Fowler v. Chicago & E. I. R. Co.*, 234 Ill. 619; *Deming v. City of Chicago*, 321 Ill. 341; *Hurzon v. Schmitz*, 262 Ill. App. 337. Defendant seeks to obviate the error by showing that three instructions given at the instance of plaintiff, defining the care and caution required of such a child as the plaintiff, correctly stated the law and all contained the word "experience," and hence their giving cured the error of those of defendant.

In *Fowler v. Chicago & E. I. R. Co., supra,* where a similar situation existed, the court held that inasmuch as the bad instruction virtually directed a verdict, as

did defendant's instruction number 3 in this case, it was in conflict with the one which correctly stated the law, and the jury would be unable to determine which one to follow.

Defendant's instruction number 2 told the jury that the 11-year-old plaintiff was required to use "ordinary and reasonable care as defined in these instructions." The phrase "these instructions" refers to the entire series which constituted the court's whole charge, and inasmuch as the charge directed the jury to follow two different definitions of such ordinary care, it would add to the confusion of the jury, who would not be able to determine which definition to follow.

Instruction number 2 is also objectionable because it told the jury that if they believed from the evidence that plaintiff, by using his faculties with ordinary and reasonable care, etc. in looking out for danger, could have avoided injury on the occasion in question, and that he negligently failed so to do, etc., then he could not recover. The word *could,* so used, instead of *would,* as applied to requirements concerning due care, is misleading and erroneous; as ruled in *Gehrig v. Chicago & A. R. Co.,* 201 Ill. App. 287.

Defendant's instruction number 6 was to the effect that the mere fact that there was a collision between the two automobiles, is no proof of negligence of the defendant, and upon such mere fact alone a finding could not be made against him. Instructions such as this have been repeatedly and consistently condemned, so often in fact that discussion is unnecessary; *West Chicago St. Ry. Co. v. Petters,* 196 Ill. 298; *Cohen v. Weinstein,* 231 Ill. App. 84; *Whittenberg v. Weber,* 230 Ill. App. 315.

The instructions, as a series, were inconsistent and erroneous. The proof was conflicting, hence it was essential that the jury be accurately instructed; *Fowler*

*v. Chicago & E. I. R. Co., supra; Piersol v. Massachusetts Mut. Life Ins. Co.,* 260 Ill. App. 578; *Stamas v. Waskow,* 250 Ill. App. 364. This was not done and we think for that reason, if no other, the trial court was right in awarding the new trial.

As was stated in *Tone v. Halsey, Stuart & Co., Inc.,* 286 Ill. App. 169, an order awarding a new trial will not be reversed unless the court "has abused its discretion or proceeded upon some clear or manifest misapprehension of a supposed controlling rule of law. Even in such cases courts are reluctant to reverse, and their power to do so is seldom exercised."

Being of opinion that the court was warranted in awarding a new trial because of giving the erroneous instructions heretofore discussed, it is unnecessary to consider the other grounds of the motion.

*Order affirmed.*