Floyd Klaus, Minor, by Emil Klaus, Father and Next Friend, Appellant, v. C. J. Sheets, Appellee.

Term No. 47,013.

Opinion filed January 26, 1948. Opinion modified and rehearing denied April 23, 1948. Released for publication April 23, 1948.

REED & BURROUGHS, of Edwardsville, for appellant.

MEYER & MEYER, of East St. Louis, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

There is for consideration here, the correctness of the ruling of the trial court in refusing to grant a new trial on behalf of the plaintiff on the verdict of a jury finding the defendant "not guilty."

Plaintiff, a minor aged twenty years, brought suit against the defendant alleging general negligence and that the defendant had stopped his truck so that a part of it extended over the plaintiff's traffic lane, without exhibiting a red light on the rear, violating ch. 95½, pars. 195 and 204 of the Illinois Statute [Jones Ill. Stats. Ann. 85.227, 85.236].

Plaintiff was a rear-seat guest occupant of a five-passenger Oldsmobile sedan and the defendant is owner and driver of a steel-bed Ford pick-up truck which was loaded with corn.

The evidence on the part of the plaintiff tended to show that on the afternoon of April 8, 1945, the date of the accident, plaintiff was married at Grant Fork, Illinois. George Beck, a neighboring farm boy, was best man at the wedding and June Sherwood, Beck's girl friend, was bridesmaid. After the wedding Beck volunteered the use of his car and with Miss Sherwood, drove the newlyweds to Highland, Illinois, to a photographer where pictures were made. Later, they returned to a farm near Highland, Illinois, where a wedding supper was served, after which Beck drove the couple to a dance in Highland, Illinois.

Sometime before midnight they decided to return home. They drove east on U. S. 40 to the eastern city limits of Highland, Illinois, where the route turns in a northerly direction in a gradual curve of some 400 feet. As Beck approached about the middle of the curve, driving at a reasonable rate of speed, with the plaintiff and his bride in the rear seat, a car with bright lights approached from the opposite direction, which tended to blind the driver. He did not see the parked truck of the defendant until just about the time of the impact.

The truck, according to plaintiff's evidence, was parked partially on the lane of the highway on which the car in which the plaintiff was riding was being

driven and no lights were seen on the rear of the truck. The plaintiff received severe injuries consisting of, among other things, permanent injuries caused by his right hip being torn out of its pelvic socket; a fractured tibia; a fracture of the socket in the right side of the pelvic bone, with spicules of bone cartilage torn loose from his right knee joint. He was in the hospital some nine weeks and at the time of the trial, nineteen months later, was still receiving medical treatment. The plaintiff did not see the truck before the time of the accident.

The evidence in behalf of the defendant tended to show that the defendant had been in a wreck with his Chevrolet passenger car the day previous to the accident in question, and when he wanted to go to the show on the day of the accident he loaded his family, consisting of his wife and three children, and the ''hired man'' into his Ford truck loaded with corn. The generator on the truck was not operating properly so he went to the garage where his Chevrolet car was standing and with the aid of a lantern, took the generator from the Chevrolet and installed it on the truck. From time to time as he progressed, he was required to stop his truck to fix the generator. Defendant testified that he hung a lantern with a white light on the left rear corner of the steel bed of his truck. When he got to the curve in question, he stopped again to work on the generator and just as he was getting out of his truck, the accident in question occurred.

From an examination of the record, it appears that the facts were sharply in dispute and a jury could just as readily have returned a verdict for the plaintiff, and in such a situation the jury was entitled to be correctly instructed.

The court gave defendant's instruction numbered one, reading as follows: ''The jury are instructed that even though they find from the evidence that the defendant was guilty of the negligence

charged in the complaint, yet, if they also believe from the evidence that the plaintiff could have avoided the injuries to himself by the exercise of ordinary care on his part, and that he did not exercise such care, then he cannot recover in this case, and on this question of care for his own safety the burden of proof is upon the plaintiff.'' This particular instruction is approved in only one Illinois case, namely, *Kehr v. Snow & Palmer Co.,* 225 Ill. App. 403, where the instructions was not actually given but the Appellate Court said ''in our Opinion it should have been given.'' That case, however, presents an entirely different set of facts because in that case defendants were claiming that the plaintiff proximately contributed to her own accident by riding in a wagon that had no light whatsoever on a night that was so dark that the plaintiff testified she ''could not see the horses that pulled the wagon.'' On the other hand, the instruction has been criticised for the use of the word ''could'' instead of ''would,'' as outlined in *Cassens v. Tillberg,* 294 Ill. App. 168, at 171, and *Gehrig v. Chicago & A. R. Co.,* 201 Ill. App. 287. The instruction is erroneous, also, in not confining plaintiff's negligence to such as would be a proximate cause of the injury. (See *Roedler v. Vandalia Bus Lines, Inc.,* 281 Ill. App. 520, at 526; *Williams v. Stearns,* 256 Ill. App. 425, at 434; *Moore v. Edmonds,* 384 Ill. 535, at 551, and *Lerette v. Director General of Railroads,* 306 Ill. 348, at 353 and, also, *Schmidt v. Anderson,* 301 Ill. App. 28, at page 42 and following to the end of the case.

█ Counsel have not pointed out any facts or circumstances tending to show that there was any contributory negligence by plaintiff, who was a guest passenger in the car, and we are of the opinion that a jury, under the facts in this case, would not have been justified in finding contributory negligence; thus it was especially important that the jury should have been correctly instructed on the law of contributory negli-

gence. There was no instruction given on the subject of contributory negligence correctly stating the law that could have cured the deficiencies in defendant's instruction number 1 and in our opinion, therefore, the giving of this instruction constituted reversible error.

Judgment of the lower court is reversed and the cause remanded for a new trial; judgment for costs against the defendant.

*Reversed and remanded.*

CULBERTSON, P. J., and SCHEINEMAN, J., concur.