Mary Kathryn Keller, Appellant, v. Paul Menconi, Appellee.

Gen. No. 46,625.

First District, Second Division.

October 4, 1955.

Released for publication November 3, 1955.

Arthur S. Gomberg, and Joe Reiff, both of Chicago, for appellant; Samuel Nineberg, of Chicago, of counsel.

Kirkland, Fleming, Green, Martin & Ellis, of Chicago, for appellee; Max E. Wildman, John M. O'Connor, Jr., and John J. Edman, all of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is a personal injury suit growing out of a collision between two automobiles at a street intersection. Plaintiff sued for $35,000. Defendant filed a counterclaim for $1,000. Issues were joined and the cause was submitted to a jury which found both parties not guilty. A judgment was entered on the verdict. The plaintiff has appealed.

The first error charged is that the verdict is against the manifest weight of the evidence. Plaintiff was the only eyewitness testifying in her behalf. Defendant testified for himself and in support of his version produced two other eyewitnesses. Plaintiff was going north and defendant was going east. According to defendant, he entered the intersection first but plaintiff was traveling at such a fast rate of speed that when he saw her he was unable to stop his car in time to avert the collision, with the result that the front of his car collided with the left side of plaintiff's car. Defendant testified that he was traveling slowly, 15 to 20 miles per hour, but that plaintiff was going 40 to 45 miles per hour. A disinterested witness, Elkins, testified that defendant was traveling 15 to 20 miles per hour and that plaintiff was going 30 miles per hour.

253

Another eyewitness, Helen Irma Denst, testified that her attention was attracted to plaintiff's car by the fast rate of speed at which it was traveling.

Plaintiff makes much of the fact that she had the right of way and that the witness Denst testified that plaintiff entered the intersection first. This does not conclusively establish that the verdict is against the manifest weight of the evidence. It was still for the jury to find the actual facts and to reach a conclusion based on them.

The next ground urged for reversal is that the court made improper comments on the evidence. This occurred in connection with a question asked of the eyewitness Elkins: "Who ran into who?" There was an objection to the question which the court sustained. In discussing defendant's conduct, plaintiff's counsel in his argument to the jury said: "Then he runs into the side of the lady's automobile." The court sustained an objection to this statement, saying: "Sustained, yes it does not make any difference." In personal injury cases it is not uncommon for an attorney to make much of the fact that the opposing party's car collided with the other on the side or rear, and this is often done by asking the question: "Who struck who?" (or "whom," if a purist is doing the questioning). It is a loaded question, implying guilt by mere reason of the point of contact. The point of contact may be a fact to be taken into consideration in determining negligence, but it is improper to ask a witness a question which in itself contains the inference of guilt. In argument to the jury, it was within proper bounds for counsel to urge a conclusion drawn from the facts relating to the point at which the two automobiles collided. We do not, however, consider the ruling on this point nor the comment of the court reversible error.

Plaintiff complains of the instructions given on behalf of defendant. The original motion for a new

254

trial assigned error with respect to instructions as follows: "The Court committed error in giving each of the instructions tendered by the defendant." In our opinion this does not comply with the requirement of Sec. 68(1) of the Civil Practice Act (Ill. Rev. Stat., Ch. 110, Par. 192 [Jones Ill. Stats. Ann. 104.068]). A motion for new trial should state the ground for such objections. Rudolph v. City of Chicago, 2 Ill.App.2d 370, 374, 375, and cases there cited. Plaintiff's counsel sought to amend the motion for new trial by simply filing an amendment with the clerk. He gave no notice to opposing counsel and obtained no order of court. The purported amendment was not, therefore, before the court. However, we have examined the instructions and we find no reversible error. The instructions as a whole correctly advised the jury on the law.

■ Instruction No. 11, of which plaintiff complains, placed an equal duty on plaintiff and defendant to look out for each other. This instruction, plaintiff says, is wrong because it does not give plaintiff the advantage of her right of way. A specific instruction (No. 8) was given with respect to the right of way and taking that into consideration we cannot see that plaintiff was prejudiced by the language of instruction No. 11.

■ Instruction No. 12 told the jury that the happening of the accident in itself raised no presumption of negligence on the part of defendant. To be literally correct, it should have stated that it raised no presumption of negligence on the part of either plaintiff or defendant. However, that is not basis for reversal here.

■ Plaintiff complains of the language in instruction No. 13, requiring her to prove that the "injuries were not brought about or contributed to by any failure on her part to exercise ordinary care. . . . ." This, plaintiff says, is error because it omits the word "proximate." Under the circumstances of this case failure to

255

state that the want of due care should be such as proximately caused the injury is not reversible error.

Instruction No. 17 told the jury that sympathy for plaintiff's injuries should not influence their verdict. This instruction was criticized in Rogers v. Mason, 345 Ill. App. 560, at p. 569. There, the court said that while it was correct to tell the jury that sympathy should not influence their verdict, the instruction should not have pinpointed the plaintiff but should have been made applicable to both parties. In the matter of instructions courts are always striving for perfection in the use of words and nothing is more difficult to find than an unambiguous word. Costello v. Warnisher, 4 Ill.App.2d 571, at p. 580. A reading of the opinion reveals that Rogers v. Mason was not reversed on account of the error referred to but because of more serious error discussed in the opinion. We cannot believe that the jury was prejudiced by this instruction.

The same criticism applies to instruction No. 21 which refers to speed and also singles out plaintiff. The trial court should have on hand for its advisory assistance the excellent forms of instructions prepared under the auspices of the Chicago Bar Association. We do not mean to and cannot here approve those instructions in toto. We only suggest that the trial court have them at hand and compare them with instructions presented by partisan counsel. Any difference should put the court on guard for error. The comparable instruction set out in the forms referred to is as follows:

"You must not allow sympathy or prejudice to influence your verdict, but you must be guided solely by the law and the evidence."

This would have been ample and it would have avoided the argument made in this case. The error is not such as to warrant reversal.

Instruction No. 24 tells the jury that if plaintiff, by using her faculties with ordinary and reasonable care . . . could have avoided the injury, the jury must find the defendant not guilty. The objection is that the word "would" should have been substituted for "could." The criticism is made in Cassens v. Tillberg, 294 Ill. App. 168, which in turn relies upon Gehrig v. Chicago & A. R. Co., 201 Ill. App. 287. There were other errors in both of those cases. On the other hand, in Kehr v. Snow & Palmer Co., 225 Ill. App. 403, 410, the court approved of an instruction which contained the word "could" instead of "would." In Kavanaugh v. Washburn, 320 Ill. App. 250, 253–4, the court thought it was highly speculative to believe that the jury was influenced by the difference between the words "could" and "would." We agree with the court in that case.

We find no reversible error in the instant case.

Judgment affirmed.

McCORMICK, P. J. and ROBSON, J., concur.